### SOUTHARD et v
### PRUDENTIAL INSURANCE CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2321.  Decided Nov 17, 1933

Chalmers M. Parker, Columbus, and E. L. Brooks, Dayton, for plaintiff in error Andrew J. Nigl, Assignee.

Clarence B. Folkerth, Columbus, for defendant in error.

## OPINION

By HORNBECK, PJ.

These questions must be resolved in favor of Nigl, assignee, upon the authority of case No. 2315, Franklin County (unreported) Madigan et v The Dollar Building & Loan Company, this court, decided November 1, 1933. The opinion in this case by Barnes. J., concurred in by the other members of the court, recites the reasons and authorities in support thereof, and it will, therefore, not be necessary to restate them. (See next case, herein).

Two other propositions are suggested by the brief of counsel for the Insurance Company, namely: Is the action of the trial

court appointing the receiver a final order or judgment? In behalf of the claim that it is neither, we are cited to **Williams v Wyant, 10 O.C.C. (N.S.) 427; Beckman v Machinery & Supply Company, 9 Oh Ap, 168; Railroad v Barnum, 10 Oh St, 623.**

The syllabus in Williams v Wyant, supra, is typical of the holding in all three of the cited cases:

"An order appointing a receiver, but going no further in the way of determining ultimate rights, is not such a final order as will give a court jurisdiction on appeal, even though regularly made and all the forms of law observed in perfecting the appeal."

It will be noted that all of these decisions hold that the appointment of a receiver is not such a final order as will support a proceeding on **appeal** and are directed solely to that question. That such an order is a final order from which proceedings in error may be prosecuted, is held in the first and third syllabi of **Investment Company v Haas, 110 Oh St, 188:**

(1) "An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of §12258, GC. (**Cincinnati, Sandusky & Cleveland Ry. Co. v Sloan, 31 Oh St, 1**, followed and approved)."

(3) "Such an order is a 'judgment' which may be reviewed by the Court of Appeals on error, but not on appeal."

It has been held that an order overruling the motion to remove a receiver is not a final order or judgment upon which error may be prosecuted. **Neighbors et v Thistle Down Co. et, 26 Oh Ap, 324, (6 Abs 359).**

The second proposition urged by counsel for the Insurance Company is that the relief to be afforded in Probate Court is not adequate because the Probate Court cannot render a personal judgment against any of the parties liable on the note, the subject matter of the action in Common Pleas Court.

It is true that the administration of the trust in Probate Court will preclude the combining of the action at law and the equitable suit to foreclose but these actions have always been recognized as separate causes of action. By the common law and because of the Code they may be joined in one action where there is nothing to prevent. **Spence v Insurance Co., 40 Oh St, 517.** In view of the status in Probate Court of

the subject matter sought to be reached by the foreclosure action in Common Pleas Court, it is less impractical to require the Insurance Company to proceed for its personal judgment in Common Pleas Court than to have the conflict of jurisdictions which would result by permitting the action in foreclosure to proceed in Common Pleas Court.

Our attention is directed to two well-considered Common Pleas Court opinions, which, in our judgment, are sound expositions of the law on the subject just discussed. They are Mutual Home & Savings Association, plaintiff v Soward et, and The Mutual Home & Savings Assn. v Carl Construction Company et, Nos. 74137 and 74128, Montgomery County, Common Pleas Court, unreported, White, J., decided October 4, 1932, and The Franklin Savings & Loan Assn., plaintiff v Davis et, defendants, No 68372, Montgomery County Common Pleas Court, (unreported), Snediker, J.

It is our conclusion that the court erred in appointing the receiver.

Judgment reversed and cause remanded.

KUNKLE and BARNES, JJ, concur.