**PEOPLES BUILDING AND SAVINGS CO v WHORLEY et**

Ohio Appeals, 2nd Dist, Greene Co

No 394. Decided Nov 29, 1933

C. W. Whitmer, for plaintiff.
Ralph R. Cross, Dayton, for defendant assignee.

**OPINION**

By KUNKLE, J.

We will assume, as no question is raised, that the case is appealable and proceed to determine the case upon the record.

Has the Court of Common Pleas of Greene County jurisdiction of the subject matter, or is such jurisdiction reposed in the Probate Court of Montgomery County by virtue of the deed of assignment and the appointment and qualification of an assignee of the then owner of the said premises by the Probate Court of Montgomery County.

The foreclosure suit was not begun until after the appointment of the assignee.

This presents an interesting question and counsel have favored the court with exhaustive briefs.

Without attempting to review the many authorities cited by counsel in their briefs, we think it sufficient to state that a similar question has been before this court for consideration in two different cases in Franklin County. When those cases were presented to the court we gave the subject careful consideration.

In the case of James R. Madigan et v The Dollar Building and Loan Company, No. 2315 of the Court of Appeals of Franklin County, we considered this question and the opinion written by Judge Barnes and concurred in by the other two members of the court, in dealing with the third question presented in that case, and which is the question here presented, held that the court in which an assignee was duly appointed and qualified prior to a proceeding for foreclosure, had jurisdiction over the property of the assignor.

This conclusion was reached largely by reason of the decision of our Supreme Court in the case of Havens et v Horton, Jr. 53 Oh St 342, the syllabus of which is as follows:

"1. Where a deed of assignment has been filed in the Probate Court in accordance with §6335 Revised Statutes and the Assignee has qualified, that court is clothed with jurisdiction to fully execute the trust. And where such deed conveys land encumbered by mortgage the court has power, as an incident of jurisdiction, to order the land sold and the mortgage satisfied.

2. Jurisdiction thus acquired is not ousted by a subsequent commencement of an action by the mortgagee in the Court of Common Pleas of the county to foreclose the mortgage."

Our decision also referred to the case of Wilson, Assignee v Swigert, Vol. 1, Ohio Decisions, page 418, the second paragraph of the syllabus of which is as follows:

"A mortgagee cannot maintain an action in foreclosure on his mortgage claim in the Court of Common Pleas after the debtor or owner of the land has made an assignment for the benefit of creditors."

We also had occasion to again review this question in the case of Thomas S. Southard et v Prudential Insurance Company of America, No. 2321 in the Court of Appeals of Franklin County, (15 Abs 457), wherein our holding was the same as in the Madigan case.

We do not think the question an open one, but that it is settled by the above decision of our Supreme Court. If it were otherwise, we might not be impressed very favorably with the facts disclosed in the affidavit of the defendant assignee found among the papers in the case to the effect that the Whorleys deeded the real estate in question to Ballinger on February 3, 1933, and that on February 6, 1933, Ballinger made an assignment to the defendant assignee.

Counsel for plaintiff suggest that the case at bar is not controlled by the Supreme Court decision above referred to as plaintiff did not agree to accept Ballinger as

their debtor in lieu of the Whorleys. There is nothing in the record to disclose whether the plaintiff did or did not accept Ballinger, nor do we think it essential that such fact be shown. The deed from the Whorleys to Ballinger and the deed of assignment from Ballinger to Brooks were also matters of record in the Recorder's office of Greene County when the foreclosure suit of the plaintiff was commenced.

From a consideration of the authorities we cannot escape the conclusion that the judgment of the lower court in sustaining the demurrer to the amended answer of the defendant assignee was erroneous and the same will therefore be reversed and cause remanded for such further proceedings as may be provided by law.

HORNBECK, PJ, and BARNES, J, concur.