## PRUDENTIAL INS CO v GOODMAN et

Ohio Appeals, 1st Dist, Butler Co

No 638.   Decided May 27, 1935

John D. Andrews, Hamilton, for plaintiff
in error.

Shank & Shank, Hamilton, for defendants
in error.

## OPINION

By ROSS, PJ.

Obviously, there had been an assignment by Arthur B. Hunter to Ben. A. Bickley, for the benefit of the creditors of Arthur B. Hunter.

The plaintiff suggests that there is no allegation in the petition that the real estate was included in the deed of assignment, or that the deed of assignment was filed in the Probate Court and Recorder's Office, or that the assignee had properly qualified, and that all of such facts must exist in order to oust the Common Pleas Court of jurisdiction in the premises.

The exact and only allegation of the petition suggesting an assignment by Arthur B. Hunter is as follows:

"Plaintiff says that said Arthur B. Hunter, after the execution of said note and mortgage and on or about December 7, 1932, conveyed said premises herein described to Merrill G. Hunter, but subject to the mortgage lien of this plaintiff and thereafter said Merrill G. Hunter and his wife conveyed said premises to the defendant Ben A. Bickley, assignee for the benefit of the creditors of Arthur B. Hunter, said conveyance being on or about September 14, 1933 and same being subject to the mortgage lien of this plaintiff."

While generally speaking the Probate Court has full and complete jurisdiction of assignments made for the benefit of creditors, this court cannot assume that those preliminary matters necessary to regularly invest the Probate Court with jurisdiction have occurred. The demurrer should have been overruled. The position of the defendants could have been properly raised by answer alleging fully the facts establishing jurisdiction of the Probate Court. A demurrer to the answer would then effectively present the question now sought to be presented.

The assignment having occurred prior to the filing of this suit, it is difficult to imagine any circumstances which will give the Court of Common Pleas jurisdiction if the preliminary steps necessary to invest the Probate Court with jurisdiction have taken place. **3 O. Jur., p. 403, et seq.** Peo-

ples Bldg. & Sav. Co. v Whorley et, 15 Abs 690. Madigan v Dollar Bldg. & Loan Co., 15 Abs 459. Southard v Prudential Ins. Co., 15 Abs 457.

Certainly nothing that has been suggested by the plaintiff, exclusive of the allegation noted would be sufficient to give the Common Pleas Court jurisdiction in the premises.

The judgment of the Common Pleas Court must be reversed, and the case remanded for further proceedings in accordance with law.

MATTHEWS and HAMILTON, JJ, concur.