Parker, J.
In this case a proceeding in error .is brought to reverse an order of the oourt of oommon pleas overruling a motion to discharge a reoeiver.
*619 The action was begun below by Thomas J. Hinde to reach certain equitable interests of Benjamin F. Dwelle in real estate situated in Ottawa county, in real estate situated in this county, and in personal property, including stock in a private corporation, and his interest as partner in a firm carrying on business in this county. The action is in the nature of a creditor’s bill, and there are a great many parties defendant, the debtor being the defendant, Benjamin F. Dwelle.
On motion of the plaintiff below, a receiver was appointed to take charge of all this property including the real estate situated in Ottawa county. A motion was made by the defendants, Benjamin F. Dwelle and Harriet O. Dwelle, to quash the service of summon on the ground that the court could not rightfully exercise jurisdiction over them in this aotion, they being residents, of Ottawa county. That motion was overruled,and thereupon these defendants filed.this motion: “Now come the said defendants, Benjamin F. Dwelle and Harriet O. Dwelle, for the purpose of this motion only, and disclaiming any and all intentions or purpose cf making or entering an appearance' upon the merits of this case or for any other purpose save that contained in this motion, and move that the order heretofore made and entered appointing a receiver herein be vacated and set aside and the receiver discharged for the following reasons:
“That the court has no jurisdiction of the person of these defendants, for at the commencement of this action, and ever since, the said defendants, Benjamin F. Dwelle and Harriet O. Dwelle, have resided in the county of Ottawa and state of Ohio, and the only service of summons in this action was served uppn these defendants in the said county cf Ottawa.”
The fact that they are residents cf Ottawa county and that they were served with summons in this action in Ottawa county by the sheriff of Ottawa county is undisputed. That motion was overruled, and the defendants, plaintiffs in error here, excepted, and they bring this proceeding, as I have stated, to reverse that order of the court. The motion and petition in error seem to, and wo think do attack the original order of the judge appointing the receiver in such a way as to require us to look beyond the particular reason assigned in this motion for discharging the receiver, and to en-quire whether for any reason the appointment should not ■tand.
It is contended upon the part of the plaintiffs in error that the receiver should not have been appointed, and that *620 he should have been discharged upon this motion, for the reason that a part of the real estate over which the oourt undertakes to exercise jurisdiction in this case, is situated in Ottawa county; that though the action might have been instituted in this county to reach those equitable interests that are in this county, and in the hands of certain of the defendants who reside in this county, and these principal defendants living in Ottawa county might be required to answer as to these persons and as to these interests in this county, they cannot be required to answer as to the lands situate in Ottawa county; that suoh lands cannot be brought in; and it is shown that the defendants residing in this county, controlling these equitable interests in this oounty, had not been served with process at the time this motion was filed to discharge the receiver, and it is urged, that therefore the court has not obtained and could not exercise jurisdiction to appoint a receiver even with respect to these equities, or, at all events, that the reoeiver should, be discharged.
But we are of the opinion that the court might rightfully exercise jurisdiction over the property and these equities, and these persons in this county, and that it is immaterial that the defendants in possession of this property or controlling these equities were not served with summons at the time this motion to discharge the receiver was filed; that the order in which the defendants shall be served with summons or brought into oourt is entirely immaterial.
We entertain very grave doubts as to whether the court can exercise jurisdiction over the lands situated in Ottawa county, or whether these defendants who make this motion can be required to answer with respect to suoh lands and have their interests therein determined by the court sitting in this oounty. We incline to the opinion, that it cannot rightfully do so. But this motion is to discharge the receiver; it is not a motion to modify the order appointing the reoeiver, nor to discharge any particular property from the oustody cr control of the receiver, and therefore the court does not feel at liberty, though entertaining the opinion it does with respect to the Ottawa county lands, to modify the order of the ooart of common pleas with respect to those lands.
It is also urged, that the reoeiver should have been discharged because he was appointed without notice to these defendants, the plaintiffs in error, and it is contended that the appointment is not only irregular, but void in consequence of there having been no notice served upon them and *621 no finding by the judge of the court of such facts as would justify him in proceeding to appoint a receiver without notice, and Railway Co. v. Jewett, 37 Ohio St., 649, is cited in support of this proposition.
We do not think the case cited gees that far, nor do we think that the question is so far jurisdictional as that the action cf the court or a judge thereof, without notice or without a finding appearing affirmatively upon th9 journal of facts, the appointment of the receiver would be void. Sheldon’s Lessee v. Newton, 3 Ohio St., 494.
Now, it is alleged in the petition in this case as ground for proceeding to appoint a receiver without notice as follows:
“Blaintiff further say's that good grounds exist in this action for the appointment of a receiver without notice to the defendant, Benjamin F. Dwelle, for the reason that if such notice be required or given, that tha said Dwelle will sell, dispose cf, remove or incumber said property and assets whereby the said objeot and purpose of this aoticn and . the plaintiff’s rightb herein'would be wholly lost and defeated.”
We think that constitutes a sufficient ground to justify the judge in proceeding to the appointment of a receiver without notice. It is contended that the judge of the court of common pleas did not find,and it does not appear affirmatively from the journal that he did find, that these allegations were true. But, viewing it as W9 do, not as a jurisdictional matter, but as.action that is irregular and erroneous only, if wrong, and not void, and facts being alleged in the petition which, if true, would justify the action of the judge, and there being a general finding based upon the petition and proof that a receiver ought to be appointed as prayed for in the petition, we think we are bound to assume that the judge found these facts so alleged, or so much thereof as may have been necessary to justify him in proceeding as he did, and that a specific finding of the particular facts alleged, as above quoted, need not affirmatively appear in the order cr upon the journal. Dallas, v. Ferneau, 25 Ohio S., 635.
In Railway Co. v. Jewett, ante, the petition contained no allegation upon which the court oould have found the facts that would have authorized it to appoint the receiver without notice.
But, as I have said, we think this petition authorizes and requires us to louk at the whole record and consider whether *622 the appointment of this receiver ought to stand, and in looking into the reoord we find this state of facts:
Grayson Mills, and Seney, Johnson & Friedman, for Plaintiffs in Error.
Wickham, Guerin & Starbird, for Defendants in Error.
The' petition in this case was filed on January 9, 1897. The receiver was appointed by the judge of the ocurt of common pleas at chambers in an adjoining county upon January 11, 1897, the order cf appointment being indorsed upon the petition. Summons was not issued for either of these plaintiffs in error, or for any of the defendants below until January 12, 1897. The statute upon the subject of the appointment of a receiver is as follows, reading a part of section 5587, Revised Statutes:
“A receiver may be appointed by the Supreme Court, or a judge thereof, the cirouit court, or a judge thereof, the common pleas court or a judge thereof in his district, or the probate oourt, in causes pending in such courts respectively in the following cases,” etc.
Seotion 5085, Revised Statutes, is as follows:
“A civil action must be commenced by filing in the office of the clerk of the proper oourt a petition, and causing a summons to be issued thereon.”'
We think it is plain that a oourt or a judge of a ocurt is not authorized to appoint a receiver in any case other than a case pending in the court,-and that this cause at the time the receiver was appointed was net pending; that the cause or aotion had not been commenced by the filing of a petition and causing a summons to be issued upon it at the time the receiver was appointed, and it could not be pending before it was commenced.
To repeat: the petition was filed January 9, but nc summons was then issued upon it. The leceiver was appointed January 11. The first summons was issued January 12.
We think, therefore, that the order of the judge was irregular and erroneous in that it provided for the appointment of a receiver in a cause that was not pending at the time the appointment was made, and that the oourt erred in refusing to discharge the receiver. For that we reverse the judgment of the oourt of common pleas and remand the oause,with directions to that court to discharge the receiver.