## MADIGAN et v
## DOLLAR BUILDING & LOAN CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2315. Decided Nov 1, 1933

Chalmers M. Parker, Columbus, and E. L. Brooks, Dayton, for plaintiff in error.

Weinland, Kahle, Atwood & Richards, Columbus, for defendants in error.

## OPINION

By BARNES, J.

Counsel for plaintiff seems to be laboring under the impression that the proceedings in error are directed to the defendant Nigl, assignee's motion to discharge the suit, whereas defendant Nigl, assignee, insists that the order complained of· is the appointment of a receiver in the Common Pleas Court.

There should be no difficulty in accepting the theory of the defendant Nigl, assignee.

In the first place there is a very serious question if the overruling of a motion to discharge a receiver is a final order from which error may be prosecuted.

**Neighbors et v Thistle Down Company et, 26 Oh Ap, 324, (6 Abs 359).**

Secondly, the transcript of docket and journal entries shows no ruling on the motion to discharge.

Thirdly, the opinion of the court upon which an entry might be predicated apparently was rendered after the petition in error was filed.

The petition in error was filed within the statutory time after the appointment of the receiver, and therefore we find that the defendant assignee is prosecuting error from the appointment and not from his motion to discharge.

"An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of §12258, GC."

**The Forest City Investment Company v Haas, 110 Oh St, 188.**

On pages 2 and 3 of the supplemental answer brief of the Building & Loan Company, counsel makes the following statement:

"Plaintiff in error is correct in his statement that a receiver was appointed upon the grounds set forth in §11894 GC in Subsection·2 thereof, and specifically upon the grounds that the condition of the mortgage had not been performed, and the property is probably insufficient to discharge the mortgage debt."

So much of §11894 GC as is pertinent to the question here involved is herewith set out in full.

"Sec 11894 GC. A receiver may be appointed by the Supreme Court or a judge thereof, the Circuit Court or a judge there-

of, in his circuit, the Common Pleas Court or a judge thereof, in his district, or the Probate Court, in causes pending in such courts respectively, in the following cases:

1. * * *

2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged porperty, when it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

3. * * *

4. * * *

5. * * *

6. In all other cases in which receivers heretofore have been appointed by the usages of equity."

The only purpose of quoting paragraph 6 in full is to present comprehensively the viewpoint that the authority to appoint receivers may extend beyond the specific provisions of the General Code if and when the case presents facts where, under the usages of equity, appointments of receivers could be made under the broad equity powers without the aid of any statutory enactment.

In the instant case it was not claimed, nor could it be claimed, that under the facts could the provisions of paragraph 6 be invoked.

So far as this case is concerned the appointment is controlled entirely by statute and must be maintained, or fall by virtue of subdivision 2, quoted above in full.

Neither the motion nor the petition sets forth the necessary facts for the apopintment of a receiver, and this is fatal. No showing is made that the mortgaged property is in danger of being lost, removed or materially injured, but being real estate it is very rarely that such a claim could be made and counsel for the Building & Loan Company directly say that they are relying on the latter portion of subdivision 2, that is "that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt." The petition itself sets forth that the condition of the mortgage has not been performed, but there is a total absence of showing that the property is probably insufficient to discharge the mortgage debt. If the corpus of the property is sufficient to·pay the mortgage debt, the mortgagee could have no possible interest in the collection of rents and so

forth. The petition does not even set out in the usual form that the mortgage covered rents and profits, and this is likewise a necessary allegation as a predicate for the appointment of a receiver under the claim that the property is probably insufficient to discharge the mortgage debt.

Counsel for the Building & Loan Company advances the theory that there is no showing made on proceedings in error that the necessary facts were not presented to the trial court. In answer to this contention, we would say that regardless of what may have been stated to the court informally or even by sworn statement, it would not suffice in the absence of statements contained in the petition or motion.

The appointment of a receiver is a final order affecting a substantial right, and the necessary pleading or motion is a prerequisite to invoke the jurisdiction of the court.

2.

Another error fatal to the attempted appointment of the receiver was the failure to give notice to the defendants, fixing the time for hearing on said motion. As heretofore stated, the pretended appointment of the receiver was made at the same time that the petition and motion were filed. No showing is made, nor is any claim made that any of the defendants were served with notice before the pretended appointment was made. The case of **Railway Company v Jewett, 37 Oh St, 649,** is the leading Ohio authority on the question of notice.

Syllabus 2 reads as follows:

"2. The appointment of a receiver to take from the defendant the possession of his property, cannot be lawfully made without notice, unless the delay required to give such notice will result in irreparable loss."

In the instant case no showing is made that the delay required to give notice would result in an irreparable loss. Counsel for the Building & Loan attempts to distinguish the instant case from the Jewett case in that there was a general receivership in the reported case, whereas it is claimed that we are dealing with a special receivership. We find no authority for this contention nor is it supported in reason. The appointment of a receiver is the taking of property, and whether it is only a part or all there can be no difference in principle.

3.

Under the state of the pleadings in the instant case there is a further jurisdictional

ground why the receiver could not be appointed, and this is due to the following allegation in the petition:

"On or about October 26, 1932, the defendant Bessie G. Madigan conveyed said real estate to Andrew J. Nigl, as assignee, for the benefit of the said Bessie G. Madigan."

From the above it appears that the appointment of the assignee preceded the filing of the petition in foreclosure. The case of Havens et v Horton, Jr., 53 Oh St, 342, syllabi 1 and 2 reads as follows:

"1. Where a deed of assignment has been filed in the Probate Court in accordance with §6335, Rev. Stat., and the assignee has qualified, that court is clothed with jurisdiction to fully execute the trust. And where such deed conveys land encumbered by mortgage the court has power, as an incident of jurisdiction, to order the land sold and the mortgage satisfied.
2. Jurisdiction thus acquired is not ousted by the subsequent commencement of an action by the mortgagee in the Court of Common Pleas of the county, to foreclose the mortgage."

Also see syllabus 2 in the case of Wilson, assignee, v Swigert, Volume 1, Ohio Decisions, page 418:

"A mortgagee cannot maintain an action of foreclosure on his mortgage claim in the Court of Common Pleas after the debtor or owner of the land has made an assignment for the benefit of creditors."

The only exceptions to the above rules are where the sale by the assignee under proper proceedings would not furnish full and adequate relief to the mortgagee. A number of cases are cited in the briefs announcing the above exception to the rule. This exception to the general rule can not avail for the reason that plaintiff in its petition does not by any allegation bring this within the exception.

Counsel for the Building & Loan contend that they are within the exception for the reason that the question of dower of the defendant James R. Madigan is involved, and that proceedings to sell by the assignee of Bessie G. Madigan could not divest the dower right of her husband in the absence of a waiver.

From the petition it appears that both Bessie G. Madigan and James R. Madigan executed the note and both signed the mortgage securing the same, and it is contended that §12124, GC, takes care of this situation so far as dower of the husband is concerned.

Whether or not it does, we are not concerned with that problem at this time, for the reason that we are dealing with no other question than the appointment of a receiver and there is nothing in the pleadings to invoke exception to the rule on this single question.

The questions of foreclosure are not involved in this hearing. That question will have to be determined in the trial court if the issues are properly made up.

It is our contention that under the state of the pleadings the trial court was without jurisdiction to appoint a receiver, and therefore the order will be reversed in this particular. Entry may be drawn accordingly. Exceptions will be allowed to the defendant in error.

HORNBECK, PJ, and KUNKLE, J, concur.