**WILLIAMS v**
**BUCKEYE STATE BLDG & LOAN CO**

Ohio Probate Court, Franklin Co

No 68194. Filed July 16, 1935

Parker & Brooks, Columbus.

Jos. C. Allen, Columbus, c/o Wilson & Rector.

prior to the assignment, but in the case at bar the deed of assignment was filed in the Probate Court before the date of the institution of the foreclosure action in the Common Pleas Court. As we have said above, all of the defendants were served with summons in that action but none filed any answer therein. The assignee was in court and failed to question the jurisdiction of the court in that proceeding. Subsequent to the termination of that proceeding the asisgnee comes into the Probate Court with a petition asking for authority to sell the same property sold in the foreclosure proceedings in the Common Pleas Court. There is no question but that the Probate Court has exclusive jurisdiction in the matters of assignment for the benefit of creditors, and also has jurisdiction to marshall liens, including those liens in the nature of mortgages. The Common Pleas Court also has jurisdiction in the matters of foreclosure of mortgages. But the definite question here presented is whether the Common Pleas Court has jurisdiction over the Probate Court when the Probate Court cannot give complete adequate remedy at law. In this particular case we have examined the petition filed in the Common Pleas Court and find that the petition sets forth allegations, which, if true, invoke remedies which are not available to the petitioner in the Probate Court.

Our attention has been directed to the case of **Robinson et v Williams et, 62 Oh St, page 401.** We quote the syllabus, as follows:

"The Court of Common Pleas has jurisdiction in the foreclosure of a mortgage, notwithstanding a previous assignment of the mortgagor for the benefit of creditors, in all cases where the remedy in the Probate Court is inadequate. And this is so where the assignment does not include all the property covered by the mortgage, or, as in this case, the mortgagor, after making the mortgage, has platted the land into lots and streets and made of it an addition to a city, without the assent of the mortgagee, and disposed of some of the lots.

Where a suit to foreclose a mortgage is rightly commenced in the Common Pleas, pending an assignment in the Probate Court made by the mortgagor, the subsequent commencement in the same court of a suit by the assignee for the purpose of obtaining an order to sell the land as assigned property, can not be sustained against the objection of the mortgagee."

Our attention has also been called to the case of **The Elmwood Place Loan & Build-**

**OPINION**

By McCLELLAND, J.

This now directly raises the question of the jurisdiction of the Probate Court with relation to that of the Common Pleas Court. The statute specifically provides that nothing in the chapter on assignments shall preclude the maintenance of a foreclosure suit in the Common Pleas Court instituted

ing Co. v Schenk et, reported in 9 Ohio Appellate Report, at page 365. I read from the introductory paragraph and third syllabus of said case, as follows:

"On May 7, 1918, plaintiff instituted a suit in the Court of Common Pleas of Hamilton County to foreclose a mortgage on real estate of S. May 6, 1918, S. made an assignment for benefit of creditors and the assignee qualified May 8, 1918. The assignee was made a party defendant in the foreclosure suit. After his appointment the assignee filed a proceeding in the insolvency court to sell said real estate, and upon application of the plaintiff the assignee was enjoined from proceeding with his action. Appeal was then taken to the Court of Appeals. Held:

3. The Common Pleas Court having acquired jurisdiction of the subject matter and the parties, the subsequent institution by the assignee of proceedings in the insolvency court to sell said property did not oust the Common Pleas Court of the jurisdiction it had acquired."

Our attention has also been directed to the case of Dwyer et v Garlough et, reported in 31 Oh St, at page 158:
"The existence of the rule contended for is clearly established. As between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings, and the service of the required process, acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals. Keating v Spink, 3 Oh St 105; Ex Parte Bushnell, 8 Oh St 599; Taylor v Carryl, 20 How. 583. The rule is said to rest upon comity and necessity. But the rule stated has no application, where the powers of the court first acquiring control of the subject of litigation, are so far limited, or defective, as to be unable to afford that relief to the parties to which they are either legally or equitably entitled.

Where a court of law and a court of equity have concurrent jurisdiction over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has the right to demand, and which a court of equity is fully competent to give. In such a case, a court of equity is clothed with complete jurisdiction, and if necessary to the full protection of the rights of a party, will enjoin further proceedings in the action at law. In so doing, it but exercises that jurisdiction very

commonly and properly resorted to in cases where there is no specific, adequate, and complete remedy at law. Smith v McIver, 9 Wheat. 532."

Our attention has also been called to an unreported case, of the existence of which this court has been unaware. This is the case of Charles E. Ballard, Assignee, plaintiff in error, v The Buckeye State Building & Loan Company, defendant in error, being Case No. 935 in the Court of Appeals. We quote the first and second paragraphs of that decision, as follows:

"The only question in this case is whether or not the remedy in the Probate Court of Clark County is adequate. In the case of Robinson et v Williams et, 62 Oh St 401, it was held that the remedy in the Probate Court was inadequate because it might compel the mortgagee to resort to two suits to satisfy his claim. That is the exact situation in the case under consideration. If the plaintiff waits until the land is sold through the Probate Court it may then be driven to bring another suit against one or more of the grantees of the mortgaged property to satisfy its claim.

We cannot concur in the view of the Court of Common Pleas that there is nothing affirmatively appearing from the petition to show that the remedy in the Probate Court is not adequate. The petition does show that outside the mortgage contract several other parties assume to pay the indebtedness and we know without any pleading that no judgment could be taken for the mortgage deficiency in the Probate Court if there should be such deficiency. So all the facts which show the inadequacy of the remedy in the Probate Court appear in the petition."

The plaintiff in error filed his motion in the Supreme Court for an order directing the Court of Appeals to certify its record, which motion was denied. Although the opinion of the court has not been reported the motion was apparently denied because of the fact that the Court of Appeals followed the law as laid down in the 62nd Oh St case hereinbefore referred to.

Counsel for the assignee has called our attention to the decision of the Court of Appeals of this district in the case of Andrew J. Nigl, as assignee, plaintiff in error v The Prudential Insurance Co. of America, defendant in error, being Case No. 2321 of that court, and also to the case of Madigan v Dollar Building & Loan Company, being case No. 2315, decided by the Court of

Appeals of Franklin County, Ohio, on November 1, 1933 (15 Abs 459). In our opinion the Court of Appeals did not in those cases determine the exact question of law at issue in this case. If the learned court did determine the questions of law at issue in this case, it has rendered an opinion entirely inconsistent with its opinion rendered in the Ballard case above referred to.

Counsel for the assignee has also called our attention to the case of Wilson, Assignee v Swigart et, reported in 1 O.D. at page 418. In our opinion the statement of the syllabi of that case is somewhat misleading. We read from page 419 of that report, as follows:

"Of course, if the Probate Court, being a court the jurisdiction of which rests upon statutory enactment, could not for want of power, in any question that might arise, give full and complete relief to all the parties in interest, the Common Pleas, by reason of its equity power and general jurisdiction, might assume jurisdiction. But in all matters of assignment where the Probate Court can give full and complete relief, its jurisdiction is exclusive, except where expressly taken therefrom by statute."

The learned court in that case reviewed the cases theretofore decided by the various courts in Ohio, and it woud be unnecessary for us to review those cases in this opinion. But in our opinion that decision clearly sustains the position of The Buckeye State Building & Loan Company in the pending action. It is our opinion that the demurrer should be, and is overruled.

An entry may be drawn accordingly.