STATE ex KROGER v SHOLOMO, Inc et

Ohio Appeals, 2nd Dist, Franklin Co

No 2696. Decided May 14, 1937

Herbert S. Duffy, Attorney General, Columbus, and Edward L. Coyle, Columbus, for appellee.

Chalmers M. Parker, Columbus, for appellants.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on motion of the appellee to dismiss the appeal and enter judgment affirming the judgment of the Court of Common Pleas. on the ground that the order of the Court of Common Pleas is not a final order and therefore not appealable.

The following statement of facts appears in the memorandum supporting the motion to dismiss:

"On the 11th day of May, 1936, the Court of Common Pleas appointed C. H. Chapman as receiver in this cause, to take possession of the premises described in the petition, to protect, preserve and operate the same, collect the rents and profits accruing therefrom while this cause is pending, and to bring in his own name as required without further order from the court, any and all eviction actions deemed by him to be necessary in the management of said premises."

The appellant Charles L. Bonnifield, as assignee for the benefit of creditors of J. Arthur Sperry, filed his notice of appeal from the above order on questions of law and fact.

Counsel in support of the motion cite the following cases:

Maion & Hamilton Railroad Company v Barnum, 10 Oh St 623;

Williams v Wyant, 10 C.C. (N.S.) 427.

Contra the motion, counsel for appellant cite the case of Madigan v Dollar Building & Loan Company, 49 Oh Ap 69 (15 Abs 459).

The latter case was a decision of our court, and therein we held that the appointment of a receiver was a final order from which error proceedings might be prosecuted. In rendering our opinion we cited and followed the case of Forest City Improvement Company v Haas, 110 Oh St 188. The first syllabus in the Haas case reads as follows:

"An order appointing a receiver is an order affecting a substantial right made in a special proceeding and is a 'final order' within the meaning of §12258, GC. (Cincinnati, Sandusky & Cleveland Railway Company v Sloan, 31 Oh St, followed and approved)."

The two cases cited by counsel in support of his motion are not supporting. In each case the court goes no farther than to hold that an order appointing a receiver is not a final order from which an appeal can be taken to the District Court. (The emphasis is ours). It must be borne in mind that there was a distinction between an appeal and proceedings in error. Attention is called to this distinction in the Circuit Court case in the opinion on pages 428 and 429.

Whatever may be the scope and effect of the two cases cited in support of motion, we are bound to follow the later and positive decisions of the Supreme Court.

The motion to dismiss will be overruled. Exceptions will be allowed.

HORNBECK and GEIGER, JJ, concur.