## GASKILL et v OGLESBY

Ohio Appeals, 2nd Dist, Darke Co.

No. 567. Decided April 26, 1940.

George Crawford, Greenville, for appellants.

George W. Porter, Greenville, Floyd D. Smith, Greenville, for appellees.

## OPINION

By GEIGER, J.

This matter had its inception in the Court of Common Pleas. The petition sets up nine causes of action. The first three describe promissory notes for $5000, each due five years after January 20, 1938. The fourth sets up a like promissory note for $6,226.94. In the fifth cause of action it is alleged that at the time of delivering the notes and to secure payment of same, the defendant, Alcia A. Oglesby, executed a mortgage on thirteen different tracts of land situate in Darke County and in the city of Greenville. It is alleged that the mortgage was conditioned that the mortgagor shall pay the notes together with interest; that she should also keep the properties insured and failing to do so the mortgagee should have that right. It is alleged that Alcia A. Oglesby has not complied with the terms of the mortgage in that she has failed to pay the interest or any part thereof and has continued to make default whereby the conditions of the mortgage have been broken and the same is subject to foreclosure. The sixth, seventh, eighth and ninth causes of action set up defaults upon the part of the defendant in failure to pay taxes

and insurance. It is alleged that the security is inadequate and that the defendant has no other property and that a receiver should be appointed.

The Peoples Savings Bank is made party defendant as a judgment creditor.

The prayer is to the effect that the plaintiffs have judgment against Alcia A. Oglesby for the sum of $2,085.70 with interest as therein set up and that if the judgment is not paid in the time set by the court an order of sale may issue that a receiver may be appointed to take charge of the property, collect rents and care for same.

A further application is made in which it is recited that since the execution of the notes that the defendant has been in possession of the property and has collected all the rents and not paid any interest on the promissory notes which is still accruing and increasing and that she has failed to pay taxes, etc.; that such failure has jeopardized and is jeopardizing their claim and that said rentals should be applied to the liquidation of the interest and principal sum and that the plaintiffs are being injured by the occupation and control of said defendant; that a receiver should be appointed.

The Peoples Savings Bank of Greenville files an answer and cross-petition admitting certain formal matters and by way of cross-petition states that it has obtained a judgment against Alcia A. Oglesby in the sum of $1,053.45 with interest and that the same is a lien upon twelve tracts described, being twelve of the thirteen tracts described in plaintiff's petition. The cross-petitioner asks that the real estate be sold and the liens marshalled.

The cause came on for hearing upon the application of plaintiff for the appointment of a receiver to collect the rents and manage the real estate covered by the mortgage and on evidence introduced by the plaintiff the court overruled the application and dismissed the same, from which action of the court, appeal is made. The defendant makes a motion touching the amendment of the pleadings in eight particulars, which motion does not appear to have been passed upon by the court below. No answer was filed by defendant.

After the case was lodged in the Court of Appeals, the defendant-appellee, made a motion to dismiss the appeal for reasons stated. This court thereupon overruled said motion and it appearing that the notice of appeal is upon law and fact but that the order of the court below is such as to permit an appeal on law only, the court ordered that the appeal stand for hearing on questions of law only, and the plaintiff-appellant was granted leave of thirty days for the preparation of a bill of exceptions and the filing of assignment of errors. A bill of exceptions was properly presented and allowed and filed in this court. This was an entry drawn by attorneys, and we are of the opinion that the statement that the order of this court is such as to permit an appeal only on law is incorrect, as it was an equity action below.

The action is brought to secure a judgment for defaulted interest, for an order of sale after judgment, the application of the proceeds, the payment of the notes and that a receiver be appointed to take charge of the property and collect the rents.

It was proper for the plaintiff to ask for judgment upon the defaulted interest and she would have a right to secure the sale of the property under the mortgage as upon execution after her judgment for interest was obtained and not paid.

The second sub-division of §11894 **GC** provides that a receiver may be appointed in an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property when it appears that the mortgaged property is in danger of being lost, etc., or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt.

Counsel has made prominent in their brief their right under sub-division 2. In order to be entitled to any right un-

der this sub-division there must be an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, etc. or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the debt.

Among the cases cited to the trial court was that of **Madigan v Dollar Building & Loan Company, 49 Oh Ap 69,** opinion by Barnes, J., of this court. It related to the question of the appointment of a receiver under circumstances somewhat similar to those developed in this case. On page 74 Barnes, J., stated:

"The petition does not even set out in the usual form that the mortgage covered rents and profits, and this is likewise a necessary allegation as a predicate for the appointment of a receiver under the claim that the property is probably insufficient to discharge the mortgage debt."

The court had under examination at that time §11894 GC and its several sub-divisions. The statement of Barnes, J. was carried into the second syllabus to the effect that to have a receiver appointed in a mortgage foreclosure action under the section, it is essential that the petition or motion allege not only that the condition of the mortgage has not been performed, but that the property is probably insufficient to discharge the mortgage debt "and that the mortgage covers rents and profits."

Upon a closer examination of the section of the statute and the incidental decisions, we arrive at the conclusion that the statement made in the Dollar Building & Loan case to the effect that the petition or motion must allege that the mortgage covers rents and profits is not a correct statement of the law and so far as this court is now concerned that proposition of the Dollar case is overruled.

It appears from the record in this case that after the introduction of evidence, a motion was made, as shown on page 83, that the prayer for the appointment of a receiver be dismissed "for the reason that the mortgage does not contain any clause assigning the rents and profits to the mortgages". Thereupon the court, upon further consideration, rendered a decision from the bench finding in favor of the defendant and against the executor and overruled the application for the appointment of a receiver.

We are of the opinion that the trial court was required to follow the opinion of this court as expressed in the Dollar case. No criticism can be lodged against the trial court as it was obliged to proceed as it did. The mortgage in this case having no allegation that the mortgage covers rents and profits, and there being no such provision in the mortgage the court below by reason of the erroneous statement made by this court in the Dollar case could have done nothing other than refuse to appoint a receiver. We feel that it is only just to the parties that this case be reheard by the trial court to determine whether or not, under the law as we now declare it to be, there should be the appointment of a receiver.

The judgment of the court below reversed and cause remanded for further hearing.

HORNBECK, PJ. & BARNES, J., concur.