THE FEDERAL LAND BANK OF LOUISVILLE, APPELLEE, *v.*
DERAN, APPELLANT.

(No. 408—Decided January 10, 1944.)

*Mr. E. H. Romer* and *Mr. Ben H. Dewey,* for appellee.

*Mr. Hal C. DeRan, in propria persona.*

Stuart, J.  This case originated in the trial court as an action for foreclosure of a mortgage on real estate, and is here on appeal on questions of law from the orders, decree and judgment of that court, three separate notices of appeal having been filed therein by the appellant.

The mortgage which was the basis of the action conveyed and mortgaged to the appellee, plaintiff in the trial court, the real estate described therein ''with its rents, issues and profits'' and further provided that:

''Upon commencement of a suit in foreclosure of this mortgage or at any time during the pendency thereof, the court in which such suit is pending, upon application of the party of the second part, its successors or assigns, may at once and without notice to the parties of the first part, or any person claiming under them, appoint a receiver for said premises to take possession thereof, to collect the rents, issues and profits,'' etc.

On application of the plaintiff, the trial court on May 4, 1943, appointed sheriff H. L. Myers, receiver, and on May 11, 1943, the defendant, appellant herein, filed notice of appeal from that order of the court.

It is the contention of the appellant that the appointment was erroneous because the case was not brought within the terms of paragraph (2) of Section 11894, General Code, relating to the appointment of receivers, which provides:

''(2) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed or materially injured,

or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt.''

Although it does not decide this express question, the reasoning of the Supreme Court in *Hutchinson, Assignee,* v. *Straub,* 64 Ohio St., 413, at pages 416 and 417, 60 N. E., 602, 83 Am. St. Rep., 764, supports the contention of the appellee that the court had authority to make the appointment under the facts in this case and the provisions of paragraph (6) of Section 11894, which reads:

''(6) In all other cases in which receivers heretofore have been appointed by the usages of equity.''

We therefore hold that under the statute, as well as under the terms of the mortgage, the action of the court in appointing the receiver was proper.

There being no bill of exceptions, we are confined in our consideration of this case to the docket and journal entries and the pleadings filed in the court below.

The final journal entry recites:

''This cause having been duly assigned for trial, came on to be heard on its merits the fifteenth day of September, 1943, and there appeared: plaintiff, The Federal Land Bank of Louisville, by its counsel, B. H. Dewey and E. H. Romer, and defendant, Hal C. DeRan, *in personam* [*sic*]. Upon said case being called, defendant Hal C. DeRan, filed instanter his motion denying the jurisdiction of the court to hear this cause, and the court being fully advised in the premises, upon consideration thereof, did find said motion not well taken and did overrule defendant's said motion. Defendant, Hal C. DeRan, thereupon filed instanter his notice of appeal from all orders heretofore made in this cause and in open court and in the presence of counsel defendant announced his intention of withdrawing from further participation in the trial of this

cause and his intention to rely solely on said appeal, and defendant, Hal C. DeRan, did there withdraw from this cause.''

This brings us to a consideration of the notice of appeal filed September 15, 1943, referred to in the entry.

It was the contention of the defendant in the trial court, and he so contends here, that the appeal of May 11, 1943, removed the entire case to this court and that therefore the court below was without power or authority to take any action whatever in the case after the filing of that notice of appeal. The appeal was on questions of law only, and brought before this court for review the order of the trial court appointing the receiver and that order only, leaving all issues and matters of procedure for such action as the trial court deemed proper and which had no bearing or effect upon the order of appointment as to which, of course, after the filing of the notice of appeal, jurisdiction of the trial court was divested.

''1. An appeal on questions of law brings before the appellate court only the final order, judgment or decree sought to be reviewed.

''2. As to the remainder of the cause, the lower court retains all jurisdiction not inconsistent with that of the appellate court to review, affirm, modify or reverse the final order, judgment or decree from which the appeal has been perfected.'' *In re Kurtzhalz,* 141 Ohio St., 432, 48 N. E. (2d), 657.

Necessarily, every court before proceeding to consider and dispose of any matter, either expressly or impliedly by its action in so doing, determines that it has jurisdiction, and if its express announcement of that fact constituted an appealable final order, it would be impossible for any court to proceed with the trial of any case in which its jurisdiction was challenged. It is indisputable that a holding that it did not have juris-

diction would be a final order from which an appeal would lie, but a holding that it has jurisdiction is interlocutory and cannot be the basis of an appeal. The appeal of September 15, 1943, is therefore dismissed.

The trial court having proceeded with the trial of the case and having, on October 13, 1943, entered its final decree and judgment, the defendant, Hal C. De-Ran, on October 16, 1943, gave notice of his intention to appeal "from the judgment entries and decree * * * entered herein on the 13th day of October, 1943."

As has been stated, there being no bill of exceptions, we must look to the final decree and judgment of the trial court as entered on its journal to determine whether the contentions of the appellant are sustained by the record.

The final decree and judgment further recites:

"This cause thereupon came on to be heard on the petition of plaintiff, The Federal Land Bank of Louisville, the amended answer and cross-petition of defendant, Hal C. DeRan, the reply of The Federal Land Bank of Louisville to the amended answer and cross-petition of defendant, Hal C. DeRan, the cross-petition of defendant, Zoe DeRan Raymond against defendant Hal C. DeRan, the pleadings, the evidence, exhibits and representations of counsel; trial was had and the cause was submitted to the court without the intervention of a jury, trial by jury having been expressly waived by plaintiff; on consideration whereof the court, being fully advised in the premises finds on the issues raised in favor of the plaintiff, The Federal Land Bank of Louisville."

It thus appears that the trial court determined and disposed of all of the issues in the case as presented by the pleadings, which are the same facts and contentions stated and urged by the parties before this court in their briefs and arguments, and as we have no bill of

exceptions before us embodying the evidence referred to in the court's judgment entry, we must presume that the trial court's action was proper and in accordance with law.

We have carefully examined the pleadings, the motions and demurrers directed thereto and the action of the trial court thereon, and finding no error prejudicial to the appellant apparent upon the record, the judgment is affirmed and the cause remanded for further proceedings according to law.

*Judgment affirmed.*

LLOYD and CARPENTER, JJ., concur.