MANUFACTURERS LIFE INSURANCE COMPANY, APPELLEE, *v.* PATTERSON, APPELLANT.

(No. 53938—Decided July 5, 1988.)

*Thompson, Hine & Flory, Harry A. Hanna, Stephen F. Gladstone* and *Patrick F. Haggerty,* for appellee.
*Robert F. Fertel,* for appellant.

PATTON, J. Defendant-appellant, Al Patterson, appeals from an order of the trial court that granted a motion by plaintiff-appellee Manufacturers Life Insurance Company for the appointment of a receiver. Appellee sought the receiver since appellant was defaulting on payments for an apartment building mortgaged to appellee, even though he was still collecting rents.

In April 1987, appellee filed a complaint in foreclosure, alleging that appellant had defaulted on his mortgage payments. On May 5, 1987, appellee filed its motion for the appointment of a receiver. A hearing was originally set for May 27, 1987, but was continued to June 27, 1987 upon request of appellant due to his inability to retain legal counsel. On May 27, 1987, however, the court granted the motion for the appointment of the receiver following an *ex parte* hearing with appellee. On May 29, 1987, appellant notified the court that he was still without counsel. The court stated that it would hold another hearing at 4:00 p.m. on May 29 in order to reconsider its order appointing the receiver.

Instead of attending the scheduled hearing, appellant, with the assistance of legal counsel, filed a petition of removal in the United States District Court for the Northern District of Ohio. The petition for removal was defective, and the action was subsequently remanded to the trial court.

Following remand, appellant filed a motion to stay execution of the court order, but that motion was denied. A similar motion in this court was denied after appellant failed to post bond.

Appellant now appeals from the order appointing the receiver and assigns the following errors for review:

"I. The appointment of a receiver by a state court without sufficient 'cause' therefore [sic] constitutes an unlawful 'taking' of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and a provision in a mortgage agreement permitting such an appointment without 'cause' is unenforceable.

"II. A party is estopped from having a contractual provision for the appointment of a receiver without prior notice enforced when it proceeds under statutory provisions which require such notice.

"III. An owner of real property is denied due process of law in violation of the Fourteenth Amendment to the United States Constitution when a trial court appoints a receiver without sufficient prior notice and an opportunity to effectively present his objections to such appointment, and such order must be considered as void ab initio."

I

In his three assigned errors, appellant complains that the appointment of the receiver at an *ex parte* hearing on May 27, 1987 was made without notice to him and in violation of his due process rights. This contention is without merit.

The process of appointing receivers is governed by statute. R.C. 2735.01 provides, in relevant part:

"A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in his district, the court of common pleas or a judge thereof in his county, or the probate court, in causes pending in such courts respectively, in the following cases:

"* * *

"(B) In an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt;

"* * *

"(F) In all other cases in which receivers have been appointed by the usages of equity."

Since the appointment of a receiver necessarily requires dispossessing the owner of the property, courts have required that notice be given before the appointment. *Railway Co. v. Jewett* (1882), 37 Ohio St. 649, paragraph two of the syllabus. The requirement of notice may be dispensed with when it appears that the delay required to give such notice will result in irreparable loss. *Id.; Dwelle* v. *Hinde* (1897), 18 Ohio C.C. 618, 8 Ohio C.D. 177; *Madigan* v. *Dollar Bldg. & Loan Co.* (1933), 49 Ohio App. 69, 2 O.O. 236, 195 N.E. 250, overruled on other grounds, *Gaskill* v. *Oglesby* (App. 1940), 32 Ohio Law Abs. 509. The failure to give appellant notice of the appointment of a receiver was not error.

Paragraph 7 of the mortgage provides:

"The Mortgagee in any action to foreclose this mortgage shall be entitled, without notice to anyone * * * to the appointment of a receiver of the rents and profits of said premises."

·Thus, appellant effectively waived the notice requirement. *Fed. Land Bank of Louisville* v. *DeRan* (1944), 74 Ohio App. 365, 29 O.O. 516, 59 N.E. 2d 54. Similar mortgage provisions have been upheld in federal courts as well. *United States* v. *Mountain Village Co.* (D. Mass. 1976), 424 F. Supp. 822; *United States* v. *Drexel View II, Ltd.* (N.D. Ill. 1987), 661 F. Supp. 1120. In addition, the record clearly demonstrates that appellant had notice since the court was willing to grant appellant a hearing on May 29, 1987 due to his representations that he could not retain legal counsel. Rather than attend this hearing, appellant, with assistance of counsel, attempted to remove the action to federal court. On these facts, it is clear that appellant had sufficient notice of the hearing but chose not to attend. Hence, any prejudice accruing from the *ex parte* appointment of the receiver was brought on by appellant, and appellant's failure to attend the hearing must be construed as a waiver of the right to notice. Accordingly, the assigned errors are without merit and are overruled.

*Judgment affirmed.*

NAHRA, C.J., and MATIA, J., concur.