[Cite as *Reese v. Deuer*, 2025-Ohio-1205.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| CAROL REESE, ET AL. | : | |
| | : | |
| Appellees | : | C.A. No. 30273 |
| | : | |
| v. | : | Trial Court Case No. 2023 CV 06598 |
| | : | |
| JOSEPH F. DEUER JR., ET AL. | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 4, 2025

. . . . . . . . . . .

FRITZ E. BERCKMUELLER, DAVID T. BULES, & GRETCHEN L. WHALING, Attorneys for Appellant

TIMOTHY R. RUDD, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Joseph F. Deuer Jr. appeals from an order of the Montgomery County Court of Common Pleas granting the motion for appointment of a receiver filed by Plaintiffs-Appellees Carol Reese and Judith Stone. For the reasons that follow, we will affirm the judgment in part, reverse it in part, and remand the cause for

further proceedings consistent with this opinion.

I.      Facts and Course of Proceedings

{¶ 2} On December 11, 2023, Plaintiffs filed a complaint in the Montgomery County Court of Common Pleas against Deuer, JFD Properties, LLP, and JFDeuer Properties, LLP d/b/a JFD Properties.   According to the complaint, Plaintiffs and Deuer formed JFD Properties, LLP in February 2002, and the three of them were equal partners in the partnership, which managed and owned several parcels of real estate in Montgomery County.   Complaint, ¶ 7, 8, 10.   Plaintiffs alleged that Deuer failed to file the partnership's biennial report with the Ohio Secretary of State in 2019, which resulted in the cancellation of the partnership by the Secretary of State.   *Id.* at ¶ 12-13.

{¶ 3} The complaint further alleged that, in October 2022, Deuer created a new company, JFDeuer Properties, LLP.   Plaintiffs believed Deuer diverted some or all of the partnership's assets to the new company.   *Id.* at ¶ 15-16.   After several failed attempts to obtain information from Deuer, the three partners attended a special meeting at which they discussed the status of the partnership and decided to put all the assets into a new company.   Deuer agreed to fully cooperate in the plan going forward and to provide Plaintiffs with the necessary documents.   *Id.* at ¶ 14, 17-20.   However, Deuer failed to provide the necessary documents and failed to provide timely and complete reporting to Plaintiffs on the partnership's income, assets, and activities.   *Id.* at ¶ 21-22.   Therefore, Plaintiffs filed their complaint, alleging claims for declaratory judgment, breach of duty of loyalty, breach of fiduciary duty, unjust enrichment, and breach of contract.   Plaintiffs

sought compensatory damages, attorney fees, costs, punitive damages, interest, and appointment of a receiver to marshal, manage, and distribute the assets of the partnership.

**{¶ 4}** None of the defendants filed an answer to the complaint. On April 16, 2024, Plaintiffs moved for a default judgment against all the defendants. A hearing on Plaintiffs' motion for default judgment was held on May 23, 2024. Despite not having filed an answer, Deuer appeared at the hearing without counsel. Plaintiffs discussed with the trial court their plan to file a motion to appoint a receiver and then present evidence of damages once a receiver was appointed, which would allow Plaintiffs to figure out what was going on with the partnership. Deuer then stated the following:

> And I'm going to tell you straight up. I'll make this easy for everybody. I'll hand this gentleman the keys, the leases, and everything to do with it. And I'll sit back and I'll collect my money when it's all said and done. So I'm tired of fixing toilets and lights and all of the other peripheral crap, not getting paid a dime for it to have my people do it, and keeping this thing floating. And I just got out of a big lawsuit, and I just bought another company. So I'm going to be honest with you. If they want to play with it, they can have it.

Default Judgment Hearing (May 23, 2024), p. 6-7. The trial court then asked him, "So you're not going to dispute any of the claims brought?" And Deuer responded, "No, they can have it all. I'm going to hand these people the keys. They're going to have a good time with it." *Id.* at 7.

{¶ 5} On May 29, 2024, the trial court granted Plaintiffs' motion for default judgment on all five counts in their complaint. Regarding the declaratory judgment claim, the trial court declared "that Defendant Deuer is wrongfully hindering Plaintiffs' ability to obtain partnership information and that Plaintiffs are entitled to such information." The trial court also stated that "Plaintiffs will move this Court to appoint a receiver to perform duties in accordance with the prayer for relief in their complaint."

{¶ 6} On August 27, 2024, Plaintiffs filed a motion to appoint a receiver. The trial court granted the motion on August 29, 2024. Deuer filed a timely notice of appeal from the trial court's August 29, 2024 order.

{¶ 7} Deuer filed his appellate brief on November 18, 2024. On December 31, 2024, Plaintiffs filed a "Notice of Non-Contest of the Appeal." Their notice did not concede any error that is dispositive of the entire appeal. Instead, the notice informed this court that Plaintiffs "cannot justify the expenditure of time and resources" in responding to Deuer's appellate brief. Plaintiffs asked us to remand this matter to the trial court for submission of a new receivership order. According to Plaintiffs, "[t]he Parties have extensively negotiated an amended receivership order and have come to agreement on *all but one provision*." (Emphasis added.) On January 10, 2025, at our request, Deuer filed a response to Plaintiffs' notice in which he requested that we vacate the trial court's August 29, 2024 order and remand this matter to the trial court for further proceedings. On January 14, 2025, we issued an order stating that we would take the parties' requests for remand under advisement.

{¶ 8} Plaintiffs have not conceded that the trial court abused its discretion by

appointing a receiver in its August 29, 2024 order, which is at issue in this appeal. Further, Deuer has not voluntarily dismissed his appeal from that order. Therefore, it is not appropriate for us to vacate the trial court's order or to remand the cause without first considering the merits of Deuer's appeal.

II. The Trial Court Did Not Abuse Its Discretion by Granting Plaintiffs' Motion to Appoint a Receiver

{¶ 9} Deuer's sole assignment of error states:

The trial court erred by granting Reese and Stone's Motion to Appoint Receiver.

{¶ 10} "[T]he trial court is vested with sound discretion to appoint a receiver." *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73 (1991). In exercising this discretion, the court " 'must take into account all the circumstances and facts of the case, the presence of conditions and grounds justifying the relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter, and the adequacy and effectiveness of other remedies.' " *Id.* at fn. 3, quoting 65 Am.Jur.2d, Receivers, § 19, 20, at 873, 874 (1972) . Absent an abuse of discretion, an appointment of a receiver will not be disturbed on appeal. *Id.* at 73. " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable,

rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 11} R.C. 2735.01 governs the appointment of receivers. It states, in relevant part:

> (A) A receiver may be appointed by . . . the court of common pleas or a judge thereof in the judge's county, or the probate court, in causes pending in such courts respectively, in the following cases:
>
> (1) In an action . . . between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff, . . . and when it is shown that the property or fund is in danger of being lost, removed, or materially injured;
>
> . . .
>
> (4) After judgment, to carry the judgment into effect;
>
> . . .
>
> (6) When a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate, limited liability company, partnership, limited partnership, or other entity rights;
>
> . . .

{¶ 12} Plaintiffs moved for appointment of a receiver pursuant to R.C. 2735.01(A)(1), (4), and (6). In their motion to appoint a receiver, Plaintiffs argued that

the property owned by their partnership with Deuer was "in danger of being lost, removed, and/or materially injured, as the property is not currently owned by a legitimate entity due to the Partnership's cancellation by the Ohio Secretary of State." Motion to Appoint Receiver (Aug. 27, 2024), p. 2. Plaintiffs contended that a receiver should be appointed to legitimize ownership of the partnership's assets and carry the trial court's May 29, 2024 order into effect.

{¶ 13} Deuer argues that the trial court erred by granting Plaintiffs' motion to appoint a receiver. According to Deuer, the trial court erred by (1) granting the motion only two days after it was filed and before Deuer had an opportunity to file an opposition memorandum; (2) granting the motion without holding a hearing as required by Mont. Co. C.P.R. 6.10(A)(2); (3) granting the motion where Plaintiffs failed to present any evidence that the property that is the subject of the receivership is in danger of loss or that the receivership is somehow necessary to preserve their rights; and (4) issuing a receivership order that went beyond what was necessary for the preservation of Plaintiffs' rights. We will address each of these four arguments in turn.

{¶ 14} First, Deuer contends that the trial court's order should be reversed because the trial court granted the motion to appoint a receiver before Deuer's time for opposing the motion expired. Typically, parties have 14 days to serve a response to a written motion. Civ.R. 6(C)(1). Generally, it is not good practice for a trial court to grant motions before the time for filing an opposition to the motion has expired. Further, "[t]he appointment of a receiver is the exercise of an extraordinary, drastic and sometimes harsh power which equity possesses and is only to be exercised where the failure to do

so would place the petitioning party in danger of suffering an irreparable loss or injury." *Equity Ctrs. Dev. Co. v. S. Coast Ctrs., Inc.*, 83 Ohio App.3d 643, 649 (8th Dist. 1992), citing *Hoiles v. Watkins*, 117 Ohio St. 165, 174 (1927). That being said, the imposition of a receivership typically does not deny a party's property rights forever. *Saferin v. Mach Ents., Ltd.*, 1985 WL 8204, *3 (6th Dist. Oct. 18, 1985). Rather, "the receivership merely serves as a protective measure to preserve the business assets until the parties conduct a trial on the merits of the complaint." *Id.* If properly applied, a receivership's infringement on a party's property rights is not so great that the party's property rights outweigh the possibility of irreparable harm to the movants and their property rights. *Id.*

{¶ 15} Due to the dispossession of the owner of his property, "courts have generally required that notice be given before the appointment of a receiver." *Leight v. Osteosymbionics, L.L.C.*, 2017-Ohio-5749, ¶ 31 (8th Dist.). However, "a trial court may appoint a receiver without notice if the 'facts and situation warrant such an appointment.' " *Id.*, quoting *United States Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 2013-Ohio-1983, ¶ 12 (8th Dist.). "Notice may also be dispensed with when it appears that the delay required to give notice of a motion for receiver will result in irreparable harm." *Id.* at ¶ 32, citing *Mfrs. Life Ins. Co. v. Patterson*, 51 Ohio App.3d 99, 100 (8th Dist. 1988).

{¶ 16} Deuer never answered the complaint filed by Plaintiffs, and the trial court granted a default judgment against him. At the hearing on the motion for default judgment, Deuer was made aware that Plaintiffs were seeking a receivership. Despite this, Deuer stated the following:

> And I'm going to tell you straight up. I'll make this easy for

everybody. I'll hand this gentleman the keys, the leases, and everything to do with it. And I'll sit back and I'll collect my money when it's all said and done. So I'm tired of fixing toilets and lights and all of the other peripheral crap, not getting paid a dime for it to have my people do it, and keeping this thing floating. And I just got out of a big lawsuit, and I just bought another company. So I'm going to be honest with you. If they want to play with it, they can have it.

Default Judgment Hearing, p. 6-7. The trial court then asked him, "So you're not going to dispute any of the claims brought?" And Deuer responded, "No, they can have it all. I'm going to hand these people the keys. They're going to have a good time with it." *Id.* at 7.

{¶ 17} The trial court did not abuse its discretion by construing Deuer's statements at the default judgment hearing as consent to the appointment of a receiver. *See Echols v. Echols*, 2022-Ohio-1719, ¶ 40 (11th Dist.) ("[T]he receivership statutes do not mandate a particular manner in which consent to the appointment of a receiver must be given and we are aware of no such authority."); *U.S. Bank, N.A. v. 2900 Presidential Drive, L.L.C.*, 2014-Ohio-1121, ¶ 24 (2d Dist.) (holding the trial court did not abuse its discretion in appointing a receiver where the borrowers agreed in their mortgage to the appointment of a receiver). Further, the probability of property being lost or transferred during a delay required the trial court to act quickly in the current case. Based on the particular record before us, we cannot conclude the trial court abused its discretion by granting the motion to appoint a receiver before the 14 days provided for in Civ.R. 6(C)(1) for filing a response

had expired.

{¶ 18} Second, Deuer contends that the trial court abused its discretion by granting the motion to appoint a receiver without first holding a hearing as required by Montgomery County Court of Common Pleas Local Rule 6.10.   That rule provides, in part:

Upon the filing of a motion to appoint a receiver, the court shall set a hearing date on the motion.  The moving party shall serve notice of the hearing on interested parties either by attachment to the complaint and original summons, or by certified mail in accordance with the Ohio Rules of Civil Procedure, unless the court finds that the time taken to give notice will result in irreparable harm to the plaintiff.  If the hearing on the motion to appoint a receiver involves an action for the sale of real estate, the moving party shall serve notice of the hearing on the property owner no later than three days before the hearing.

Mont. Co. C.P.R. 6.10(A)(2).

{¶ 19} At first blush, this language appears to make a hearing mandatory by using the word "shall."   However, an exception exists within the local rule where "the time taken to give notice will result in irreparable harm to the plaintiff."   This exception is consistent with the caselaw cited above, which allows for the appointment of a receiver without a hearing and without notice in situations where irreparable harm will result from the delay caused by providing notice and a hearing.   Moreover, as noted above, Deuer's statements at the default judgment hearing established his consent to the receivership, which alleviated any need for a hearing.   Upon this particular record, we cannot conclude

the trial court abused its discretion by not holding a hearing before granting Plaintiffs' motion to appoint a receiver.

{¶ 20} Third, Deuer argues that the trial court abused its discretion by granting the motion to appoint a receiver in the absence of sufficient evidence to support the motion. We do not agree. Plaintiffs made sufficient allegations in their complaint to support the appointment of a receiver. When Deuer failed to file an answer to the complaint, the trial court granted default judgment on all of Plaintiffs' claims. Further, Deuer consented to the appointment of a receiver at the default judgment hearing. Given this record, we cannot conclude the trial court abused its discretion by appointing a receiver.

{¶ 21} Finally, Deuer contends that the trial court's order granting the motion to appoint a receiver should be reversed because the terms of the receivership went beyond what was necessary to protect the property subject to the receivership. Deuer argues that several provisions of the receivership order improperly gave the receiver authority over matters far beyond the four parcels of land and the income derived therefrom. According to Deuer, the order improperly gave the receiver authority (1) to hire or fire and establish pay rates for Deuer's employees, (2) to use Deuer's tax identification number; (3) to open and review mail directed to Deuer; (4) to take control of any postal boxes used by Deuer; and (5) to "act on behalf of, and in [Deuer's] name." Deuer also argues that the receivership order improperly permitted the receiver to distribute income from the receivership property to Plaintiffs to the exclusion of Deuer and then turn over all the receivership property to Plaintiffs upon the termination of the receivership. We conclude that only the last of these provisions identified by Deuer is troublesome.

{¶ 22} R.C. 2735.01 provides that a receiver should be appointed with respect to the particular property that is the subject of the underlying action or to manage the affairs of a corporation or partnership with respect to which the appointment of a receiver is sought. R.C. 2735.01(B), (C), (D). Further, R.C. 2735.04(B) lays out a receiver's powers, stating:

Under the control of the court that appointed the receiver as provided in section 2735.01 of the Revised Code, the receiver may do any of the following:

(1) Bring and defend actions in the receiver's own name as receiver;

(2) Take and keep possession of real or personal property;

(3) Collect rents and other obligations, and compromise demands;

(4) Enter into contracts, including, but not limited to contracts of sale, lease, or, so long as existing lien rights will not be impacted, contracts for construction and for the completion of construction work;

(5) Sell and make transfers of real or personal property;

(6) Execute deeds, leases, or other documents of conveyance of real or personal property;

(7) Open and maintain deposit accounts in the receiver's name;

(8) Generally do any other acts that the court authorizes.

{¶ 23} The provisions of R.C. 2735.01 and R.C. 2735.04 authorize a receiver to have broad powers over the property and partnership that is subject to the receivership. Section 13.1 of the trial court's August 29, 2024 order appointing the receiver is consistent

with this authority and states: "The Receiver is only the receiver of the Receivership Property (as defined above), and not of any other assets, activities, business, or operations of the Borrowers. The Receiver's responsibilities, duties, and liabilities are expressly limited to those stated in this Order as the same are related to the Receivership Property." This section puts specific limits on the receiver that assuage many of the concerns raised by Deuer on appeal. Further, section 2.1(q) of the order appointing the receiver limits the receiver's ability to open and review mail to mail that pertains to the "Receivership Property." The ability of the receiver to use Deuer's tax identification numbers to open a bank account is limited to opening an account from which the receiver shall disburse all authorized payments as provided in the trial court's order. We do not find any of these provisions to be out of the ordinary to address the situation facing the receiver in this case.

{¶ 24} The one troublesome provision identified by Deuer on appeal is Section 12.3, which states: "Immediately upon termination of the Receivership, the Receiver shall turn over to the Plaintiffs or its designee(s), all of the Receivership Property unless otherwise ordered by the Court." That provision arguably precludes Deuer from receiving any of the partnership's property and income, even though it appears undisputed that he currently has a one-third ownership interest in that property under the partnership agreement. While Section 12.3 does provide a means by which the trial court may make a different order, unless and until the trial court actually does so, the receiver is required to turn over all of the receivership property to Plaintiffs at the termination of the receivership. There was not a reasonable basis in the record for

including this section in the order appointing a receiver, especially since the trial court has yet to determine whether Plaintiffs are entitled to any damages. Therefore, on the record before us, we must conclude that the trial court abused its discretion by including Section 12.3 in the order appointing the receiver.

{¶ 25} The assignment of error is sustained in part and overruled in part. As a result, we will reverse the judgment in part and remand for the trial court to modify its August 29, 2024 order by eliminating Section 12.3. The trial court's judgment will be affirmed in all other respects. If Plaintiffs and Deuer come to a complete agreement on a revised receivership order, as Plaintiffs have represented they are close to doing, then they will have the opportunity on remand to submit a proposed agreed order to the trial court for its consideration. *See* R.C. 2735.04(A) ("The powers of a receiver shall be set forth in the order of the court that appointed the receiver as those powers may be modified by the court or as otherwise approved by the court upon application of the receiver or a party to the action.").

III.    Conclusion

{¶ 26} Having sustained in part the sole assignment of error, we will reverse the judgment of the trial court in part and remand the cause for the trial court to modify its August 29, 2024 order appointing a receiver by deleting Section 12.3. We will affirm the trial court's judgment in all other respects.

. . . . . . . . . . . . .

EPLEY, P.J. and HANSEMAN, J., concur.