CENTRAL NATIONAL BANK SAVINGS & TRUST CO. *v.*
THE REPRESENTATIVE REALTY CO.

(Decided April 30, 1928.)

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for plaintiff.

*Messrs. Orgill, Maschke & Wickham,* for defendant.

VICKERY, J. This action came into this court on appeal from the common pleas court, and is disposed of by this court on a motion to dismiss the appeal.

It seems that one Burt A. Miller claims to have had a contract with the receivers of the Representative Realty Company, whereby he was authorized to reorganize and provide for the carrying on of the business formerly conducted by the Representative Realty Company, it having gone into the hands of such receivers, and that with that purpose in view he performed a certain amount of services for them of the value of $3,500. He made application to the common pleas court, where the receivership was pending, for permission to sue the receivers, they having refused to pay him in an action at law to recover the compensation he claimed by virtue of this contract. Such an application was refused, and he was not permitted to sue for the very good rea-

son, I take it, that he had no claim or could make no claim against the receivers, for they had no authority to employ a person to reorganize the company.

The reorganization of a concern that is in the hands of receivers is no business of the receivers. Their business is to settle and adjust the affairs, but not to reorganize for the purpose of carrying it on, and the court of common pleas could not have allowed them anything for such work, for this is not contemplated within the intent of the appointment of a receiver by the statute, for which reason probably the court of common pleas refused to entertain the suit, and the refusal was entered upon the docket.

Whereupon Burt Miller appeals to this court from that refusal to grant him relief, and a motion is now made to dismiss the appeal. The motion must be granted, for the action is not appealable, and, if he has any remedy at all, it is by way of a writ of error. If the action to sue had been granted, and he had brought an action and recovered a judgment, or had failed to recover a judgment, he could not have appealed the judgment to this court, because the action was one for money only. By what parity of reasoning, then, where a refusal to grant is entered, he can appeal, we do not understand. Anyway, no such right exists, and the motion to dismiss the appeal must be and is granted.

*Appeal dismissed.*

SULLIVAN, P. J., and LEVINE, J., concur.