## AMERICAN SAVINGS BANK CO v UNION TRUST CO

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Feb 9, 1931

Gabriel Leeb, for American Savings Bank.

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for Union Trust Co.

**LEVINE, J.**

It will be noticed that certain specified powers are vested in the receiver, such as "take and keep possession of the property, receive rents, etc." The power to borrow money for the purpose of making repairs is not specified in this section and would, of course, have to be embraced in the phrase "and generally do such acts respecting the property, as the court authorizes."

From the various authorities cited by both sides, we are convinced that the orderly practice which should be followed by a receiver when ever he finds it necessary to borrow money, even for the purpose of carrying out the orders of the court, if the amount to be expended is a substantial sum, is to first apply to the court for authority so to do and that notice of said application be given to the interested parties. The power of a receiver to borrow money even for the purpose of preserving the property entrusted into his hands, is not inherent in the receiver, but is so vested in him by the authority of the court. Since the vesting of authority in the receiver to borrow money is a judicial act, the interested parties are entitled to notice so that they may oppose it, and so that they may have an opportunity to show that it is not to the best interests of the parties involved that such authority be granted.

Persons holding mortgages or possessing liens on the property entrusted to a receiver should not be displaced under the guise of expenditures even though necessary, without first giving the parties in-

terested, an opportunity to have a full hearing before the court as to the wisdom of vesting authority in the receiver to borrow money for the purpose of making such expenditures.

In the case at bar, the court in express language made it incumbent upon the receiver to make such repairs as are necessary for the proper maintenance of the property in his charge. Had the receiver proceeded under this authority to make necessary repairs upon credit, the persons extending credit to the receiver could reasonably depend upon the journal entry, which in no uncertain terms commanded the receiver to make such repairs. The property in question was in a badly neglected state, and there is no doubt that the premises' would be entirely uninhabitable unless necessary repairs were made. The repairs so made by the expenditure of money borrowed by the receiver, undoubtedly went into the enhancement of the value of the property.

We find that the expenditures which were necessary were made in good faith and for the benefit of the estate; that the repairs added to the value of the property and to the security of the lienholders, including the American Savings Bank Co. The receiver was ordered by the court to "make such repairs as are necessary for the proper maintenance of the property in his charge." The ways and means of accomplishing this result were not provided for in the court's order. It is not unreasonable to say that when a receiver is ordered to do a particular thing, there is vested in him implied and incidental authority necessary to carry out the court's order.

The case of **Haines v Buckeye Wheel Co., 224 Fed., 289,** seems to us in point. It holds as follows:

"A naked order of the court requiring affirmative action of any kind by receiver, carries with it by implication the power to do whatever is reasonably necessary in its performance * * *."

We are not putting our stamp of approval upon indiscriminate expenditures of money by receivers without first having secured express authority from the court so to do. It seems to us that sound practice would require the enactment of rules by the Common Pleas Court for the government and guidance of receivers, and that such rules should be strictly observed. The receiver should not be allowed to keep the court in the dark during the period of his receivership, concerning the state of the property; he should not be permitted to wait until the filing of his final report before he discloses the extent of the expenditures made. The provisions of the code, as well as the general chancery practice, contemplate that the receiver be subject to the control of the court. Such control over the receiver cannot be efficiently exercised by the court unless the receiver be required to keep the court fully informed concerning the exact state of the receivership and its various developments, if any.

We gather, however, from the authorities cited, that a large discretion is vested in the court and that each case, therefore, must be made to rest upon its own footing. If in the opinion of the court the ends of justice so require it, it may in its discretion supplement the authority heretofore lacking, by a subsequent order. The fact that the order was made by the court after the final decree of foreclosure was already entered, and a sale had thereunder cannot bar the exercise of such discretion.

In the case at bar, it appearing to this court that the order of appointment was not only broad to authorize the making of necessary repairs, but that the same was tantamount to an order upon the receiver to make such necessary repairs, and it also appearing that the repairs were made in good faith and that they were necessary, and went to the enhancement of the value of the property, we are of the opinion that the Common Pleas Court did not abuse its discretion in granting the motion of the receiver to tax the amount for the expenditures so made as costs in the action.

Holding as we do, the judgment of the Common Pleas Court is affirmed.

WEYGANDT, J, concurs.
VICKERY, PJ, not participating.