[Cite as *Washington Cty. Bd. of Dev. Disabilities v. United Re AG*, 2012-Ohio-3338.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| Washington County Board of Developmental Disabilities, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 11CA23 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| United Re AG., et al., | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendants-Appellants. | : | Filed: July 19, 2012 |

_____

APPEARANCES:

George J. Cosenza, Parkersburg, West Virginia, for Appellant Hugh Scott.

Ethan Vessels, FIELDS, DEHMLOW & VESSELS, Marietta, Ohio, for Appellee.
_____

Kline, J.:

{¶1}    Hugh Scott appeals the judgment of the Washington County Court of Common Pleas.  The trial court found Scott liable to the Washington County Board of Developmental Disabilities (hereinafter the "Board") for compensatory and punitive damages as well as attorney fees.  Scott contends that the trial court erred when it disregarded the corporate form of defendant United Re AG (hereinafter "United") and found Scott personally liable to the Board.

{¶2}    Several claims in this case remain pending, and the trial court did not issue a judgment entry that satisfies the requirements of Civ.R. 54(B).  As a result, there is no final appealable order, and we lack jurisdiction to consider the merits of Scott's appeal.  Accordingly, we dismiss this appeal.

I.

{¶3} The Board is a state agency with 65 employees, and it provides a health plan for its employees. In 2005, the Board decided to use a partially self-funded health insurance plan that called for the Board to acquire a re-insurance or "stop loss" policy. Employee Benefit Services of Ohio (hereinafter "Benefit Services") provided third party administrative services to the Board. Benefit Services processed the Board's claims and billings. Benefit Services also provided the Board a quote from United for a re-insurance policy. Based on the quote from Benefit Services, the Board enlisted with United.

{¶4} The Board submitted a claim to United for over $200,000. After United failed to respond to the Board's demands for payment, the Board filed suit against multiple parties.

{¶5} The Board sued United and Benefit Services. The Board also sued Scott claiming that Scott was personally liable for the Board's claims against United. Scott is an attorney in Texas, and Scott has served as United's general counsel, president, and owner. (The Board also filed suit against other entities not relevant to this appeal.)

{¶6} Benefit Services filed cross-claims against United and Scott. (Benefit Services filed suit against other entities not relevant to this appeal). United filed a cross-claim against Benefit Services. On March 25, 2011, Benefit Services voluntarily dismissed its cross-claims against United and Scott. Additionally, on March 30, 2011, Benefit Services filed a Notice of Automatic Stay with the trial court indicating that Benefit Services had filed for bankruptcy. The trial court stayed the proceedings against

Benefit Services.  Thus, both the Board's and United's claims against Benefit Services remained pending at the time of trial.

{¶7}    Prior to trial, United admitted that it was liable to the Board for $200,496.44.  The parties conducted a bench trial solely on the issue of whether Scott could be held personally liable for the Board's claims against United.  The trial court found in favor of the Board and against Scott.  On August 5, 2011, the trial court issued a judgment entry in favor of the Board against both United and Scott for compensatory and punitive damages.  And on September 14, 2011, the trial court issued a judgment entry in favor of the Board against both United and Scott for attorney's fees.

{¶8}    Scott appeals and asserts the following assignment of error: "THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT FOR COMPENSATORY AND PUNITIVE DAMAGES AGAINST THE DEFENDANT, HUGH SCOTT, ON THE ASSERTION THAT THE DEFENDANT HUGH SCOTT WAS AN OFFICER OF UNITED RE AG AND OPERATED SAID COMPANY AS ITS ALTER-EGO OR OPERATED THE DEFENDANTS UNITED RE AND VADO IN SUCH A MANNER AS TO PERPETUATE A FRAUD AGAINST THE PLAINTIFF CREATING UNJUST AND INEQUITABLE CONSEQUENCES."

II.

{¶9}    We must address our jurisdiction before we address the merits of Scott's arguments.  "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines*, 4th Dist. No. 02CA2683, 2003-Ohio-2586, ¶ 2, citing Ohio Constitution, Article IV, Section (3)(B)(2); R.C. 2505.02.  "If an order is not final and appealable, then we have no jurisdiction to

review the matter." *Saunders v. Grim*, 4th Dist. App. Nos. 08CA668 and 08CA669, 2009-Ohio-1900, ¶ 5. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Caplinger* at ¶ 2, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

**{¶1}** "An order of a court is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano*, syllabus.

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. Civ.R. 54(B)

Therefore, "[a]n order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable." *Oakley v. Citizens Bank of Logan*, 4th Dist. No. 04CA25, 2004-Ohio-6824, ¶ 9, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus.

**{¶2}** We discussed Civ.R. 54(B) in *Bumgarner v. Bumgarner*, 4th Dist. No. 08CA21, 2009-Ohio-3490.

> Civ.R. 54(B) is intended "to strike a reasonable balance between the policy against piecemeal appeals and the

possible injustice sometimes created by the delay of appeals." [*Bell Drilling & Producing Co. v. Kilbarger Constr., Inc.*, 4th Dist. No. 96CA23, 1997 WL 361025, *3 (June 26, 1997).] "* * * Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals." *Sullivan v. Anderson Twp.*, [122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88,] ¶ 11. (Omission sic.) *Bumgarner* at ¶ 5.

{¶10} As stated, multiple parties filed multiple claims in this case. Many of the claims have been resolved. But, after Benefit Services filed its Notice of Automatic Stay, the trial court stayed the proceedings against Benefit Services. Consequently, the record indicates that both the Board's claims and United's claims against Benefit Services remain pending.

{¶11} At trial, the parties litigated only the Board's claim to disregard United's corporate form and hold Scott personally liable for the Board's claims against United. The trial court found in favor of the Board. On August 5, 2011, the trial court issued a judgment entry in favor of the Board against both United and Scott for compensatory and punitive damages. And on September 14, 2011, the trial court issued a judgment entry in favor of the Board against both United and Scott for attorney's fees.

**{¶12}**  Neither the August 5, 2011 entry nor the September 14, 2011 entry contains a certification under Civ.R. 54(B) indicating that there is no just reason for delay.  Thus, the Board's and United's claims against Benefit Services remain pending, and the trial court's entries do not meet the requirements of Civ.R. 54(B).  Consequently, there is no final appealable order, and we lack jurisdiction to consider the merits of this appeal.  *See Mittman v. Leshner*, 10th Dist. No. 08AP-356, 2008-Ohio-6425, ¶¶ 3, 8 (finding no final appealable order where claims against a party remained pending after bankruptcy stay and where the trial court's order did not satisfy Civ.R. 54(B)).

**{¶13}**  Accordingly, because there is no final appealable order, we must dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:_____
     Roger L. Kline, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**