[Cite as *Century Natl. Bank v. Hines*, 2012-Ohio-4041.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

CENTURY NATIONAL BANK,

       :

    Plaintiff-Appellee,                Case No.   11CA28

       :

    vs.

       :

PAMELA A. HINES, et al.,
      Defendants-Appellants.

_____

APPEARANCES:

COUNSEL FOR APPELLANT     Thomas James Corbin, 842 North Columbus
PAMELA A. HINES:          Street, Lancaster, Ohio 43130

COUNSEL FOR APPELLEE:     Scott D. Eickelberger and Ryan H. Linn, Kincaid, Taylor &
                             Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville,
                             Ohio 43702

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-28-12
PER CURIAM.

{¶ 1}   This is an appeal from an Athens County Common Pleas Court judgment in favor of Century National Bank, plaintiff below and appellee herein, and against Pamela A. Hines, defendant below and appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN FORECLOSURE, UPON CONFESSION OF JUDGMENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN

FORECLOSURE PRIOR TO WHEN SERVICE OF PROCESS
HAD BEEN EFFECTED [sic] UPON THE
DEFENDANT/MORTGAGOR.”
THIRD ASSIGNMENT OF ERROR:

“THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN
FORECLOSURE PRIOR TO EXPIRATION OF THE TIME
ALLOTTED BY RULE FOR ANSWERING THE COMPLAINT.”

FOURTH ASSIGNMENT OF ERROR:

“THE TRIAL COURT ERRED IN GRANTING JUDGMENT BY
CONFESSION WHEN THERE IS NOTHING IN THE RECORD
TO INDICATE THAT THE ORIGINAL COGNOVIT NOTE
WAS PRESENTED TO THE TRIAL COURT FOR REVIEW.”

**{¶ 3}** Appellee commenced the instant action on August 5, 2011 by filing a complaint that alleged that appellant was in default on five “cognovit promissory notes.”   Appellee demanded judgment for the amounts due and owing under those notes, as well as foreclosure of the five mortgages appellant gave to secure them.

**{¶ 4}** On August 25, 2011, pursuant to the cognovit provision in the notes, D. Scott Rankin answered for appellant, waived service of process and confessed judgment in favor of appellee.   Judgment was entered for appellee on September 7, 2011, finding appellant in default of the notes, awarding damages to appellee for amounts due and owing and ordering foreclosure of five mortgages and sale of the properties pledged as security.   Service of both the complaint and the final judgment were made on appellant by certified mail, but was not claimed.

**{¶ 5}** Appellant entered a limited appearance on October 5, 2011 to file a notice of appeal on the judgment of foreclosure.   The matter is now properly before us for review.[1]

---

[1] The Ohio Constitution grants appellate jurisdiction only when a final appealable order exists.   See *Davison v. Reni*, 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); Prod. *Credit Assn. v. Hedges*, 87 Ohio Ap.3d 207, 210, 621

I

**{¶ 6}**   At the outset, we note that as this Court has previously stated that the "particularly appropriate" means for challenging a cognovit judgment is by filing a Civ.R. 60(B) motion for relief from judgment.   See e.g. *Century Natl. Bank v. Gwinn*, 4th Dist. No. 11CA20, 2012-Ohio-768, at ¶8. Appellant chose to forego this route, however, because she feels "it is not at all clear that a motion brought pursuant to Civil Rule 60(B) is appropriate." Also indicated in *Century Natl. Bank*, supra at ¶8, are other means (including an appeal) to attack a cognovit judgment.   With that in mind, we turn our attention to the merits of the assigned errors.

II

**{¶ 7}**   In the first assignment of error, appellants challenge the legality of the judgments in foreclosure.   Appellant does not challenge the trial court's entry of judgment on the five cognovit notes, but she argues that even if the court had authority to enter judgment on the notes, that authority did not extend to ordering foreclosure of the mortgages securing those notes.   We agree with appellant with respect to four of the five mortgages, but disagree with respect to one.

**{¶ 8}**   This Court recently held in *Century National Bank v. Gwinn*, at ¶¶25-26:

It is axiomatic that a mortgage is a separate contract from the promissory note.

---

N.E.2d 1360 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992).     The judgment appealed here clearly contemplated further proceedings, including a sale of the secured premises and distribution of proceeds.   Although such actions seem counterintuitive to the notion of finality, Ohio law has always held that a judgment ordering sale of mortgaged land is a final appealable order in a foreclosure case. *Third National Bank of Circleville v. Speakman*, 18 Ohio St.3d 119, 120, 480 N.E.2d 411(1985); *Oberlin Savings Bank Co. V. Fairchild*, 175 Ohio St. 311, 312, 194 N.E.2d 580 (1963); *Queen City Savings & Loan Co. v. Foley*, 170 Ohio St. 383, 165 N.E.2d 633 (1960), at paragraph one of the syllabus.     Because the judgment appealed herein ordered sheriff's sales for the property securing the notes, we find that it constitutes a final appealable order.

The right to judgment on a note is one cause of action and the right to foreclose a mortgage is another. This is so because " '[a] mortgage is merely security for a debt and is not the debt itself.' '[E]ven when a promissory note is incorporated into the mortgage deed, it is still independent of the mortgage and is a separate enforceable contract between the parties.' Logically then, even when a mortgage is incorporated into a promissory note, the note remains independent of the mortgage and is a separate, enforceable contract between the parties. * * *

      *       *       *

Hence, while it was appropriate for appellee to assert the causes of action herein within a single complaint, it nonetheless remains that the note and the mortgage constitute two separate contracts. While [appellant], individually and as trustee, voluntarily waived certain rights under the cognovit promissory note, there is no indication that she did so under the mortgage. In executing the promissory note, [appellant], individually and as trustee, became obligated to pay the amount due under the note in the event of default, and agreed to waive the right to prejudgment notice and hearing, which necessarily included a waiver of the procedural requirements of Civ.R. 3(A) and 4(A). In conveying the mortgage to secure payment of the debt represented by the note, [appellant], as trustee, effectively obligated the trust to pay the amount due under the note in the event of default or risk foreclosure of the mortgaged property. Though waiving specific rights and giving a warrant of attorney to appellee on the promissory note, [appellant], as trustee, did not do so under the separate mortgage contract. (Internal citations omitted.) (Emphasis added.)

{¶ 9} Based upon our holding in *Century National Bank*, appellant is correct that judgments of foreclosure could not be issued against her, without notice, based on the cognovit (confession of judgment) provisions in the note.   However, when a like provision was also included into a mortgage securing that debt, it is a different matter.

{¶ 10} In the case sub judice four of the five mortgages at issue do not contain a confession of judgment/cognovit provision.   The mortgage attached to the complaint and denoted as "Exhibit B" does contain a "Confession of Judgment" clause on page four of the instrument.   Once again, our holding in *Century National Bank* was premised on the absence of a confession of judgment provision in the mortgage.   However, at least one of the mortgages at issue in this case contains such a provision.   Thus, a judgment of foreclosure entered on that particular mortgage complies with our holding in *Century National Bank*.

{¶ 11} For these reasons, appellant's first assignment of error is sustained in part, overruled in part, and the matter remanded to the trial court for further proceedings on the four mortgages that do not contain a cognovit provision.

III

{¶ 12} We jointly consider appellant's second and third assignments of error that also challenge the five foreclosure judgments on various procedural grounds.   Insofar as the mortgage that contains a cognovit clause, appellant agreed in advance to allow the lender to retain an attorney to come into the trial court and confess judgment against her.   Generally speaking, contracts should be enforced as they are written. See generally *Ruiz v. GEICO*, 10th Dist. No. 08AP-955, 2009-Ohio- 2759, at ¶8; *Jackson v. Pub. Entities Pool of Ohio*, 2nd Dist. No. 23049, 2009-Ohio-1772, at ¶13.

{¶ 13} Appellant cites no authority that prohibits inserting a clause for confession of judgment into a mortgage on investment property and we are aware of none.   Appellant cannot now be heard to complain that this cognovit provision allowed judgment to be entered against

her without service of process or before the running of time to answer the complaint. Appellant signed a contract (i.e. the mortgage attached to the complaint as Exhibit B) that contained a clause to allow for that action and she should be held to the contract provisions to which she assented.

{¶ 14} As for the other four mortgages, our holding on appellant's first assignment of error renders her arguments under these two assignments of error moot and we will disregard them. See App.R. 12(A)(1)(c). Thus, we hereby overrule appellant's second and third assignments of error.

IV

{¶ 15} Appellant argues in her fourth assignment of error that the trial court erred by granting judgment on the five cognovit notes without those notes having been presented to the trial court for inclusion in the record. We disagree.

{¶ 16} Again, in *Century National Bank* at ¶¶12-13, we held that an attorney confessing judgment pursuant to the cognovit provision of a note complies with R.C. 2323.13(A) when (1) the original notes are in the record and (2) there is some indication they were considered by the trial court. The facts in this case are virtually identical to those in *Century National Bank*. An envelope in the record contains the original notes, as well as a notation on the envelope that its contents were "deemed by the trial court" as "nonpublic." We thought this satisfactory in *Century National Bank* and do again here.[2]

---

[2] Appellant does not assign as error that the trial court erred by entering judgment of foreclosure on the mortgage that contained the confession of judgment clause without having the original instrument before it and we will not raise that issue sua sponte.

{¶ 17}  For these reasons, we find no merit to appellant's fourth assignment of error and it is hereby overruled.

{¶ 18}  Having sustained, in part, appellant's first assignment of error, the trial court's judgment is affirmed in part, reversed in part and the case remanded for further proceedings consistent with this opinion on the other four mortgages.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

Kline, J., dissenting, in part.

{¶ 19} I respectfully dissent as to the "Exhibit B mortgage." Under Ohio law, "a mortgagee has three concurrent remedies: (1) an action on the debt; (2) foreclosure in equity; and (3) an action in ejectment." 69 Ohio Jurisprudence 3d, Mortgages and Deeds of Trust, Section 260. And here, the Exhibit B mortgage's confession of judgment states that "Grantor hereby irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record and to confess judgment against Grantor *for the unpaid amount of this Mortgage*[.]" (Emphasis added.) Significantly, the confession of judgment does not contain any variation of the word "foreclosure." Therefore, based on the plain language, I believe the confession of judgment addresses just one of the three remedies available to the mortgagee -- an action on the debt.

{¶ 20} In considering the Exhibit B mortgage, we must strictly construe and apply the cognovit judgment. *See Gunton Corp. v. Banks*, 10th Dist. No. 01AP-988, 2002-Ohio-2873, ¶ 29, citing *Lathrem v. Foreman*, 168 Ohio St. 186, 188, 151 N.E.2d 905 (1958). Accordingly, I would find the following: Because the confession of judgment references *only* an action on the debt, the trial court did not have the authority to enter a judgment in foreclosure.

{¶ 21} As a result, I respectfully dissent as to the Exhibit B mortgage. I concur in judgment and opinion as to the other four mortgages.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and the case be

remanded for further proceedings consistent with this opinion.    Appellant to recover of appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion
Kline, J.: Dissents with Opinion as to Exhibit B mortgage & Concurs in Judgment & Opinion as to remaining 4 mortgages

For the Court

BY:_____
Peter B. Abele
Presiding Judge

BY:_____
William H. Harsha, Judge

BY:_____
Roger L. Kline, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

Topics & Issues: