[Cite as *U.S. Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 2013-Ohio-1983.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98618**

---

## U.S. BANK, N.A., ETC.

PLAINTIFF-APPELLEE

vs.

## GOTHAM KING FEE OWNER, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783271

**BEFORE:** E.T. Gallagher, J., Keough, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**ATTORNEYS FOR APPELLANT**

Patrick T. Lewis
Gretchen L. Lang
Thomas M. Wearsch
Baker & Hostetler, L.L.P.
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEES**

**For U.S. Bank, National Association, etc.**

Michael P. Shuster
Leo M. Spellacy, Jr.
Porter, Wright, Morris & Arthur, L.L.P.
925 Euclid Avenue, Suite 1700
Cleveland, Ohio   44115

Tami Hart Kirby
Porter, Wright, Morris & Arthur, L.L.P.
One South Main Street, Suite 1600
Dayton, Ohio   45402

**For Cleveland-Cuyahoga County Port Authority**

Patricia M. Ritzert
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio   44113

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Anthony J. Giunta, Jr.
         Michael A. Kenny, Jr.
         Colleen Majeski
         Gregory B. Rowinski
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street

Cleveland, Ohio 44113
**For Cuyahoga County Treasurer**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Adam D. Jutte
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**For State of Ohio, Department of Development**

Mike DeWine
Ohio Attorney General
30 East Broad Street
State Office Tower - 25th Floor
Columbus, Ohio   43215

**For Rodger W. Rolfe**

Rodger W. Rolfe, pro se
6382 Melshore Drive
Mentor, Ohio   44060

**For David M. Browning, Receiver-Appellee**

Kenneth R. Callahan
Jeffrey C. Toole
Buckley King, L.P.A.
1400 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio   44114

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Gotham King Fee Owner, L.L.C. ("Gotham"), appeals the trial court's judgment appointing a receiver to operate several of its buildings during the pendency of foreclosure proceedings. We find no merit to the appeal and affirm.

**{¶2}** Plaintiff-appellee, U.S. Bank N.A. ("U.S. Bank"), filed a foreclosure action against Gotham alleging that it was the holder of a promissory note ("the note") in the amount of $135,000,000, executed by Gotham and delivered to Lehman Brothers Bank, F.S.B. ("Lehman"). It also alleged that to secure the note, Gotham executed and delivered in favor of Lehman an "Open End Mortgage and Security Agreement" in the amount of $135,000,000 (the "Mortgage"). The "Property," as defined in the complaint, consists of nine "Class A" office buildings. Gotham also executed and delivered in favor of Lehman an "Assignment of Leases and Rents" (the "Assignment"), in which Gotham assigned all of its rights to the leases and rents from the Property to Lehman.

**{¶3}** Lehman subsequently assigned all of its interests in the loan documents to LaSalle Bank N.A., which assigned all of its interests to U.S. Bank. U.S. Bank alleges that Gotham defaulted on the note and the associated loan documents as a result of missed payments and certain covenant violations. U.S. Bank also brought claims against codefendant Charles Ishay ("Ishay") seeking a recourse judgment on the note and Ishay's guaranties.

{¶4} When U.S. Bank filed its complaint, it simultaneously filed an emergency motion for the appointment of a receiver for the Property, asserting that a receiver was necessary "to safeguard and protect the Property due to the significant number of tenants not currently subject to long-term leases." It argued that U.S. Bank was contractually entitled to the appointment of a receiver pursuant to two provisions in the parties' loan documents.

{¶5} The trial court granted U.S. Bank's motion to appoint a receiver before Gotham's response was due to be filed. The trial court's judgment granted the receiver a pre-judgment power of sale and authorized the receiver to enter into, modify, or terminate all leases for all or part of the properties, and to do so without notice to Gotham or court approval. The receiver order states, in relevant part:

> The Receiver is hereby authorized to enter into or renew any lease or license agreement with respect to the Property, for any space located therein, on such terms and conditions as it deems appropriate; provided however, that any such lease or license agreement shall be first approved by Noteholder. In accordance with Ohio law, the Receiver is hereby authorized to reject or restructure any burdensome leases if first approved by Noteholder.

{¶6} Paragraph 15 of the court's order also authorized the noteholder, U.S. Bank, to make advance payments for utilities, security, insurance, taxes, professional services such as lawyers and accountants, and "other expenses necessary to maintain and preserve the Property." This paragraph provides that any and all of these advancements "shall become expenses of the receivership, shall be reimbursable directly to [U.S. Bank], shall

constitute obligations of the Defendants under the loan documents, and shall be secured by the Property."

{¶7} In its sole assignment of error, Gotham argues the trial court granted the receiver powers that exceed those permitted by Ohio law and improperly delegated its duty to supervise the receiver to U.S. Bank. Gotham also argues the trial court erred in granting U.S. Bank's motion without notice or a hearing.[1]

## Standard of Review

{¶8} A trial court is vested with sound discretion to appoint a receiver. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). Further, the court may exercise its discretion "to limit or expand a receiver's powers as it deems appropriate." *Id*. at 74. Therefore, an order appointing a receiver will not be reversed on appeal absent an abuse of discretion. *Id.*

## Notice and Hearing

{¶9} Gotham argues the trial court erred when it appointed a receiver without holding a hearing and giving Gotham an opportunity to be heard.

{¶10} Because the appointment of a receiver necessarily requires dispossessing the owner of his or her property, courts have generally required that notice be given before the appointment of a receiver. *Mfr.'s Life Ins. Co. v. Patterson*, 51 Ohio App.3d 99, 100,

---

[1] An order appointing a receiver is a final order under R.C. 2505.02(B)(2) because it "affects a substantial right made in a special proceeding." *Cunningham v. Ohio Police & Fire Pension Fund*, 175 Ohio App.3d 566, 2008-Ohio-218, 888 N.E.2d 453, ¶ 6 (8th Dist.). Such an order is also final under R.C. 2505.02(B)(4) because it grants relief in a provisional-remedy proceeding. *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 25-26.

554 N.E.2d 134 (8th Dist.1988), citing *Ry. Co. v. Jewett*, 37 Ohio St. 649 (1882), paragraph two of the syllabus.

{¶11} Further, the language of the receivership statute implies that the court may only appoint a receiver following a hearing and the receipt of evidence justifying the appointment. *Real Estate Capital Corp. v. Thunder Corp.*, 31 Ohio Misc. 169, 287 N.E.2d 838 (C.P.1972); R.C. 2735.01. R.C. 2735.01(A) provides that the court may appoint a receiver "*when it is shown* that the property or fund is in danger of being lost, removed, or materially injured." (Emphasis added.) Similarly, R.C. 2735.01(B) provides that the court may appoint a receiver in a foreclosure action "*when it appears* that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and the property is probably insufficient to discharge the mortgage debt." (Emphasis added.) The legislature did not use the words "alleged," "plead," or "averred," which would indicate that the legislature intended the appointment of receivers without the presentation of evidence. Therefore, the appointment of a receiver without a hearing and supportive evidence is generally illegal and invalid. *Real Estate Capital Corp., supra*.

{¶12} However, the general rule requiring notice is not inflexible. The court may appoint a receiver without notice if the facts and situation warrant such an appointment. *Mfr.'s Life Ins., supra*. For example, a provision in a mortgage agreement whereby the mortgagor waives his or her entitlement to notice of the appointment of a receiver for the mortgaged property is valid and enforceable. *Id*. at syllabus.

{¶13} Pursuant to Section 10.1(f), Gotham consented to the immediate appointment of a receiver without notice upon default. (See Plaintiff's complaint at Ex. 7, section 10.1(f)). By contractually consenting to the appointment of a receiver, Gotham waived its right to oppose the appointment of a receiver and the requirements of R.C. 2735.01.

{¶14} Therefore, the trial court did not abuse its discretion by appointing the receiver without giving Gotham an opportunity to respond to U.S. Bank's motion and without a hearing.

### The Receiver's Powers to Lease Property

{¶15} Gotham argues the trial court abused its discretion by authorizing the receiver to enter into, modify, or reject long-term commercial leases without providing notice to Gotham and without obtaining court approval.

{¶16} The purpose of a receivership is to conserve property pending an ultimate disposition of it by the court. A receiver's role is to "maintain the status quo regarding the property in controversy and to safeguard said property from being dissipated while the plaintiff is pursuing its remedy." *In re Gourmet Servs., Inc.,* 142 B.R. 216, 218 (Bankr.S.D.Ohio 1992) (applying Ohio law). Thus, this court has held that receivers serve a limited purpose and lack broad discretionary power to reorganize troubled concerns. *Cent. Natl. Bank Savs. & Trust Co. v. Representative Realty Co.,* 29 Ohio App. 446, 448, 162 N.E. 768 (8th Dist.1928) (holding that Ohio's receiver statute did not authorize a receiver to "reorganize [the insolvent business] for the purpose of carrying it on").

**{¶17}** Nevertheless, this court has also held that if an order appointing a receiver does not convey sufficiently broad powers to enable the receiver to best serve the interests of the receivership estate, the court may enlarge the powers to secure the object of the receiver's appointment. *Am. Savs. Bank Co. v. Union Trust Co.*, 10 Ohio L.Abs. 82 (8th Dist.1931), *rev'd on other grounds*, 124 Ohio St. 126, 177 N.E. 199 (1931).

**{¶18}** Furthermore, where a contract provides for the right to a receiver, the parties may waive the requirements set forth in R.C. 2735.01 et seq. *Mfr.'s Life Ins. Co.*, 51 Ohio App.3d at 101; *Metro. Life Ins. Co. v. Triskett Illinois, Inc.,* 97 Ohio App.3d 228, 236, 646 N.E.2d 528 (1st Dist.1994). A court will enforce the terms of a contract if the written language is clear and unambiguous. *Myers v. E. Ohio Gas Co.*, 51 Ohio St.2d 121, 125, 364 N.E.2d 1369 (1977); *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-25, 801 N.E.2d 452. "[W]here a contract is plain and unambiguous, it does not become ambiguous by reason of the fact that its operation will work a hardship upon one of the parties thereto and a corresponding advantage to the other * * *." *Dugan & Meyers Constr. Co., Inc. v. Ohio Dept. of Adm. Servs.,* 113 Ohio St.3d 226, 2007-Ohio-1687, 864 N.E.2d 68, ¶ 29.

**{¶19}** Gotham contends the trial court abused its discretion when it authorized the receiver to enter into, modify, or reject long-term leases without providing notice to Gotham and without obtaining court approval because such powers are contrary to law. However, pursuant to the terms of the parties' loan documents, Gotham absolutely assigned the leases and rents to U.S. Bank and previously retained a license to utilize the

leases and rents. The license terminated automatically upon default, and Gotham lost any interest it had in the leases and rents at the Property. Section 3.1 of the Assignment of Rents provides, in pertinent part:

> In addition, Lender may, at its option, without waiving such Default, without notice and without regard to the adequacy of the security of the Debt, either in person or by agent, nominee or attorney, with or without bringing any action or proceedings, or by a receiver appointed by a court, dispossess Borrower and its agents and servants from the Property, without liability for trespass, damages or otherwise and exclude Borrower and its agents or servants wholly therefrom, and take possession of the Property and all books, records and accounts relating thereto and *have, hold, manage, lease and operate the Property* on such terms and for such period of time as Lender may deem proper and either with or without taking possession of the Property. (Emphasis added.)

{¶20} Additionally, paragraph 10.1(g) of the Mortgage provides that upon default, U.S. Bank may

> enter into or upon the Property * * * Lender may exercise all rights and powers of Borrower with respect to the Property including, without limitation * * * (3) *the right to make, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all rents of the Property* and every part thereof. (Emphasis added.)

{¶21} Therefore, pursuant to the terms of the loan documents, Gotham absolutely assigned the leases and rents to U.S. Bank, and its license in the rents and leases automatically terminated upon default. Without any interest in the rents and leases, Gotham is not entitled to notice of any changes to the leases. Therefore, pursuant to Section 3.1 of the Assignment of Rents, the receiver is entitled to lease and operate the Property without court approval and without notice to Gotham.

**Advancements for Preservation of the Property**

{¶22} Gotham also argues the trial court erred by authorizing the receiver to borrow limitless amounts of money without notice to Gotham or court approval. Although the trial court's order does not specify a monetary limit on borrowing, pursuant to Section 15 of the court's order, the noteholder is only permitted to make advancements for expenses that are necessary for the preservation of receivership property. Therefore, these expenses constitute administrative expenses of the receivership and are not without limits.

{¶23} Further, Gotham contractually agreed that these kinds of expenses constitute obligations under the loan documents and are secured by the Mortgage. Sections 3(a) of the Note and Section 2.1 of the Mortgage both state that U.S. Bank's lien secures "all sums advanced pursuant to this Security Instrument to protect and preserve the Property and the lien and the security interest created hereby." Paragraph 15 of the Receiver Order states that such advancements "shall constitute obligations of the Defendant under the loan documents." Thus, because the provisions of the trial court's judgment concerning advancements comport with the terms of the loan documents, the trial court did not abuse its discretion by authorizing the receiver to borrow money when necessary to preserve the receivership property.

**Repairs and Operations**

{¶24} Gotham argues the trial court abused its discretion by authorizing the receiver to expend substantial funds to construct tenant improvements, make property repairs, and purchase materials, supplies, and services. It contends that the court's

judgment is contrary to the Supreme Court's holding in *Am. Savs. Bank Co.*, 124 Ohio St. 126, 177 N.E. 199 (1931).

**{¶25}** However, *Union Trust* decided whether the receiver could obtain an advancement from a lender when there was no language in the receiver order authorizing such advancements. In this case, the trial court's order specifically provides for limited advancements necessary for the preservation of the Property. Paragraphs 5 and 6 of the court's receiver order provide that the receiver can construct tenant improvements, make repairs, and purchase merchandise, materials, supplies, and services at the Property in an amount not to exceed $7,500 without consent from U.S. Bank or further order of the court.

**{¶26}** Given the immense size of the property in the receivership estate, it would be an undue burden and a waste of judicial resources to require the receiver to obtain court approval prior to incurring any expense on behalf of the property, no matter how small. Moreover, as previously explained, Gotham contractually agreed that a receiver would be immediately appointed over the property to operate the property in the event of default. Therefore, we find no abuse of discretion in the court's decision authorizing the receiver to expend funds to construct tenant improvements, make property repairs, and purchase materials, supplies, and services for the preservation of the Property.

### Pre-judgment Power of Sale

**{¶27}** Gotham argues the trial court abused its discretion by granting the receiver a pre-judgment power of sale in violation of Gotham's due process rights. Gotham asserts

that allowing the receiver to sell the property before a final judgment in foreclosure improperly circumvents the due process protections afforded to Gotham in the foreclosure proceedings.

{¶28} Although the trial court's receivership order permits pre-judgment sales of receivership property, Gotham ignores the trial court's mandate that requires the receiver to first obtain court approval before selling any property. By requiring the receiver to obtain court approval of any sale, the court can review the fairness of the sale terms and allow Gotham to respond to any requested sale. Therefore, Gotham's due process rights are protected.

{¶29} Moreover, this court has previously allowed receivers to sell property through receiver sales. *Huntington Natl. Bank v. Motel 4 BAPS, Inc.,* 191 Ohio App.3d 90, 2010-Ohio-5792, 944 N.E.2d 1210 (8th Dist.); *Huntington Bank L.L.C. v. Prospect Park L.L.C.*, 8th Dist. No. 97720, 2012-Ohio-3261. Therefore, the provision authorizing the sale of receivership property with court approval was not contrary to law, and the trial court did not abuse its discretion by permitting a pre-judgment sale of property with prior court approval.

## Court's Duty to Supervise Receiver

{¶30} Finally, Gotham argues the trial court abused its discretion by improperly delegating its duty to supervise the receiver to U.S. Bank. It contends the court erroneously granted the receiver unfettered powers without sufficient judicial oversight.

**{¶31}** In a receivership, the court and the receiver, who is an agent of the court, administer the assets of the receivership estate for the benefit of all interested persons. *INF Ent., Inc. v. Donnellon*, 133 Ohio App.3d 787, 729 N.E.2d 1221 (1st Dist.1999). The appointing court defines the receiver's powers and therefore controls his actions. *McGinness v. U.S., I.R.S.*, 90 F.3d 143, 1996 FED App. 0223P (6th Cir.1996).

**{¶32}** Here, the trial court's receiver order required that the receiver keep the trial court informed of the state of the receivership estate and the various developments occurring at the Property for the duration of the receivership. The receiver order also required that the trial court approve certain actions, such as compensation and the sale of any receivership property, before such actions are undertaken. Although some provisions necessitate only approval by the noteholder, these provisions correspond with the noteholder's rights under the loan documents as previously agreed to by Gotham. Therefore, the trial court did not delegate its duty to monitor the receivership.

**{¶33}** The sole assignment of error is overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR