[Cite as *Century Natl. Bank v. Hines*, 2014-Ohio-3901.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

CENTURY NATIONAL BANK,

                                   :

    Plaintiff-Appellee,                 Case No.   13CA35

                                   :

    vs.

                                   :

PAMELA A. HINES AKA PAM HINES      DECISION AND JUDGMENT ENTRY
AKA PAMELA HINES, ET AL.,        :

    Defendants-Appellants.         :

_____

APPEARANCES:

COUNSEL FOR APPELLANT      Jeffrey D. Swick, P.O. Box 2578,
PAMELA A. HINES:            Westerville, Ohio 43086

COUNSEL FOR APPELLEE:        Scott D. Eickelberger and Ryan H. Linn, Kincaid, Taylor &
                                  Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville,
                                    Ohio 43702

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-5-14
PER CURIAM.

{¶ 1} This is an appeal from an Athens County Common Pleas Court order that appointed a receiver of property in the foreclosure action brought by Century National Bank, plaintiff below and appellee herein, against Pamela A. Hines, defendant below and appellant herein. Appellant assigns the following errors for review:

         FIRST ASSIGNMENT OF ERROR:

         "THE GRANT OF AUTHORITY TO THE RECEIVER TO SELL
         DEFENDANT/APPELLANT'S REAL PROPERTY AT A
         PRIVATE SALE IS VOID AS A MATTER OF LAW."

SECOND ASSIGNMENT OF ERROR:

"THE ENTRY OF THE TRIAL COURT APPOINTING A
RECEIVER WAS GRANTED AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE ORDER APPOINTING RECEIVER IS VOID BECAUSE
COUNSEL FOR THE PLAINTIFF/APPELLEE AND TRIAL
COURT FAILED TO COMPLY WITH ATHENS COUNTY
COURT OF COMMON PLEASE LOCAL RULE 11."

{¶ 2} Appellee commenced the instant action on August 5, 2011 by filing a complaint that alleged that appellant was in default on five "cognovit promissory notes." Appellee demanded judgment for the amounts due under those notes, as well as foreclosure of the five mortgages.

{¶ 3} On August 25, 2011, pursuant to the notes' cognovit provision, D. Scott Rankin answered for appellant, waived service of process and confessed judgment in appellee's favor. The trial court entered judgment for appellee on September 7, 2011, found appellant in default of the notes, awarded damages for amounts due and ordered foreclosure of five mortgages and the sale of the properties pledged as security.

{¶ 4} Appellant made a limited appearance on October 5, 2011 to file a notice of appeal from the foreclosure order. This Court partially affirmed that judgment as to one mortgage, but reversed as to the other four mortgages and remanded the case for further proceedings. *Century Natl. Bank v. Hines*, 4th Dist. Athens App. No. 11CA28, 2012-Ohio-4041, at ¶10 (*Hines I*). The Ohio Supreme Court rejected any further appeal. *Century Natl. Bank v. Hines*, 982 N.E.2d 728, 2013-Ohio-347 (*Hines IA*).

**{¶ 5}**   On July 3, 2013, appellee file a motion for appointment of a receiver for the properties and appellant filed her memorandum in opposition.   On July 29, 2013, the trial court granted the motion and appointed Peter M. Lahni, Jr., as receiver.   This appeal followed.

I

**{¶ 6}**   Before we address the assignments of error on their merits, we first pause to consider a potential jurisdictional problem.   Ohio's Constitution grants appellate jurisdiction only where there exists a final, appealable, order. *Davison v. Reni*, 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist.1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio Ap.3d 207, 210, 87 Ohio App.3d 207, 621 N.E.2d 1360 (4th Dist.1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992).   If there is no final appealable order, we have no jurisdiction to review the matter and the case must be dismissed. *Washington Cty. Bd. of Dev. Disabilities v. United Re AG*, 4th Dist. Washington App. No. No. 11CA23, 2012-Ohio-3338, at ¶13; *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington App. No. 10CA27, 2011-Ohio-5142, at ¶16.

**{¶ 7}**   The order being appealed in the case sub judice (appointing a receiver for the properties) clearly contemplates further action during the course of these proceedings. Nevertheless, Ohio case law is clear that the appointment of a receiver constitutes a final order pursuant to R.C. 2505.02(B)(4) because it grants a provisional remedy.   See e.g. *U.S. Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 8th Dist. Cuyahoga No. No. 98618, 2013-Ohio-1983, at ¶7, fn. 1; *JPMCC 2004-CIBC10 7th St. Office, L.L.C. v. URS Tower, L.L.C.*, 1st Dist. Hamilton No. No. C–120294, 987 N.E.2d 348, 2013-Ohio-796, at ¶10.   Thus, we have jurisdiction to review this matter and we now turn our attention to the merits of appellant's assignments of error.

II

{¶ 8}    We first consider, out of order, appellant's second assignment of error that asserts the trial court erred by appointing a receiver.   She argues that such an appointment is

{¶ 9}    "against the manifest weight of the evidence."   We disagree.

{¶ 10} First, the appointment of a receiver is a matter left to the trial court's sound discretion and its decision will not be reversed on appeal absent an abuse of that discretion. *Lockard v. Lockard*, 175 Ohio App.3d 245, 2008- Ohio-1577, 886 N.E.2d 276, at ¶7 (4th Dist.2008); *Walsh v. Smith*, 2nd Dist. Montgomery No. 25879, 2014-Ohio-1451, at ¶7.   In short, we believe that appellant sets forth an improper standard of review for the assignment of error.

{¶ 11} Second, we need not reach the question of whether the trial court abused its discretion by appointing a receiver under these circumstances.   A close reading of the instruments in this case reveals that the trial court's actions were appropriate in light of the express language of the instruments.   Indeed, all five of the subject mortgages in this case, under the subheading of "miscellaneous provisions," and under the subpart regarding "amendments," specify "[t]he [m]ortgage[s], . . . constitutes the entire understanding and <u>agreement</u> of the parties as to the matters set forth in" the mortgage. (Emphasis added.)   Although the word "agreement" is not defined within that instrument, it is generally taken to be synonymous with the word "contract" See e.g. *Neely v. United States*, 613 F.2d 802, 806-807, (Ct.Cl.1980); *Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex.2013).   Moreover, a pivotal point of our prior holding in *Hines I* is that a mortgage is a contract. See 2012-Ohio-4041, at ¶8.   In other words, all the mortgages at issue herein must be treated under regular contract law.

{¶ 12} Absent some legal defense to the existence of a contract, and none is asserted here, Ohio courts are required to enforce the terms of contracts as they are written. *Nationwide*

*Mut. Ins. Co v Pinnacle Baking Co., Inc.*, 10th Dist. Franklin No. 13AP–485, 2014-Ohio-1257, at

¶14; *Slater v. Altman Co.*, 2nd Dist. Champaign No.   2013–CA–4, 2013-Ohio-4405, at ¶14.   To

that end, we note that all of the mortgages in this case contain the following language under

provisions that spell out the rights of the lender in the event of a default on the note and/or the

mortgage:

> "**Appoint Receiver**. Lender shall have the right to have a receiver appointed to
> possession of ar any part of the Property, with the power to protect and preserve
> the Property, to operate the Property preceding foreclosure and sale . . ."[1]

**{¶ 13}**  In short, appellant agreed to the appointment of a receiver in the event of default

on the mortgages.   Appellant does not dispute on appeal that she agreed to such a provision, but

she contends that no evidence was adduced to show her in default of the notes.   We disagree

with this point.

**{¶ 14}**  As this Court noted in *Hines I*, pursuant to the cognovit provisions in the

promissory notes appellant signed, "D. Scott Rankin answered for [her], waived service of

process and [then] confessed judgment in favor of appellee." 2012-Ohio-4041 at ¶4.   Thus, by

virtue of the confession of judgment provision of the cognovit notes, appellant admitted that she

was in default of payment of the five promissory notes.   In light of the fact that the mortgages

also provided that in the event of default appellee had the right to seek a receiver for the

mortgaged properties, the trial court committed no error in applying the terms of the mortgages

as written.

**{¶ 15}**  Accordingly, we hereby overrule appellant's second assignment of error.

---

[1]  Similar provision is also made under the "Assignment of Rents" that accompanied each mortgage.

III

{¶ 16} We now turn to appellant's first assignment of error wherein she asserts that, even if appointment of a receiver is proper, the trial court nevertheless erred by granting the receiver power to sell the mortgaged properties. Again, we disagree.

{¶ 17} The delegation of powers to a receiver lies in a trial court's sound discretion and that delegation will not be disturbed absent an abuse of that discretion. See *Crawford v. Hawes*, 5th Dist. Nos. 25178 & 25180, 2013-Ohio-3173, at ¶12; *U.S. Bank, N.A. v. Gotham King Fee Owner, L.L.C.*, 8th Dist. Cuyahoga No. 98618, 2013-Ohio-1983, at ¶8; *Avondale Community Council v. Galarza*, 1st Dist. Hamilton No. C–110221, 2012-Ohio-186, at ¶17. The abuse of discretion standard requires a showing of something more than a trial court's order arguably being against the manifest weight of the evidence. *Kolleda v. Kolleda*, 11th Dist. Lake No. 2013–L–069, 2014-Ohi0-2013, at ¶18. Indeed, an abuse of discretion is more than an error of law or even of judgment; rather, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. See *State v. Clark*, 71 Ohio St.3d 466, 470, 644 N.E.2d 331 (1994); *State v. Moreland*, 50 Ohio St.3d 58, 61, 552 N.E.2d 894 (1990). Under this standard, a reviewing court must not substitute its judgment for that of the trial court. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 732, 654 N.E.2d 1254 (1995); *In re Jane Doe 1*, 57 Ohio St.3d 135, 137–138, 566 N.E.2d 1181 (1991). Appellant does not actually argue the trial court abused its discretion but, rather, contends that the trial court's grant of power to the receiver to sell the mortgaged property is "void as a matter of law." We find no merit to this argument.

{¶ 18} We believe that the flaw in appellant's argument is that she relies on R.C. Chapter 2329 that concerns a foreclosure sale in general. A receiver's sale, conducted under R.C.

2735.04, is an alternative remedy. See *Huntington Natl. Bank v. Motel 4 BAPS, Inc.*, 191 Ohio

App.3d 90, 2010-Ohio- 5792, 944 N.E.2d 1210, at ¶8.

{¶ 19} R.C. 2735.04 states, in pertinent part, "a receiver may bring and defend actions in

his own name as receiver, take and keep possession of property, receive rents, collect, compound

for, and compromise demands, <u>make transfers</u>, and generally do such acts respecting the property

as the court [so] authorizes." (Emphasis added) The word "transfer" is generally taken to mean,

among other things, "[t]he sale and every other method, direct or indirect, of disposing of or

parting with property . . ." *Black's Law Dictionary* 1342 (5ᵗʰ Ed.1979).

{¶ 20} Various Ohio courts have held that R.C. 2735.04 places virtually no limitation on

the power that can be extended in a foreclosure case to restrict the receiver and the manner in

which the receiver may sell a property.   See e.g. *Park Natl. Bank v. Cattani*, 187 Ohio App.3d

186, 931 N.E.2d 623, 2010-Ohio-1291 at ¶13;   *Huntington Bank, LLC. v. Prospect Park, LLC.*,

8ᵗʰ Dist. Cuyahoga App. No. 97720, 2012-Ohio-3261, at ¶9; *Whipps v. Ryan*, 10ᵗʰ Dist. Franklin

Nos. 08AP-838 & 08AP-839, 2009-Ohio-2228, at ¶31.

{¶ 21} Whatever constraints appellant may rely upon from R.C. Chapter 2329 to contest

the trial court's actions, we do not find them applicable to receiver actions authorized under R.C.

2735.01.

{¶ 22} Accordingly, for these reasons, we hereby overrule appellant's first assignment of

error.[2]

---

[2] We note that under the confession of judgment to the cognovit notes, appellant defaulted on payment over 2½ years ago.     Thus, it is not unreasonable to think that appellee would be concerned about the safety and integrity of its security.     It is equally reasonable, given contractual provisions in the mortgages, that the trial court would approve a receiver to preserve the rights of the lender (appellee).     This is particularly true when, as in this case, appellant offers nothing to rebut

II

{¶ 23} In her third assignment of error, appellant argues that the trial court's appointment

of a receiver is "void." Here, she bases her argument on the trial court's failure to comply with

Athens County "Local Rule 11." We find no merit to this argument.

{¶ 24} Athens County L. R. 11 provides:

---

confession that she is in default of the notes that her mortgages secure.

"Unless the court otherwise directs, counsel for the party in whose favor an order, decree, or judgment is rendered, shall within five days thereafter prepare the proper journal entry and include instructions to the Clerk for service.   Said counsel shall submit the entry to counsel for the adverse party, who shall approve or reject the same within three days after the receipt thereof and return to the submitting attorney or the assignment commissioner for the judge's signature.   Upon failure of the adverse party to act upon the entry in the specified time, its preparer shall submit it to the court for approval with a notation as to when it was presented to the adverse party.   If counsel are unable to agree upon the entry, their respective entries shall be submitted to the judge who will direct what entry shall be made."[3]

**{¶ 25}** Even if we assume that the appellee and the trial court did not strictly comply with this rule, we note that trial courts have wide latitude when it comes to following local rules of court because such rules are generally procedural in nature and do not involve substantive principles of law. See *Parra v. Continental Tire*, 8th Dist. Cuyahoga No. 98753, 2013-Ohio-1041, at ¶29; *Parra v. Continental Tire*, 9th Dist. Summit App. No. 26315, 2012-Ohio- 4138, at ¶7. However, if a trial court's failure to follow its local rules implicates any due process concerns, then a problem may exist.   *Wallner v. Thorne*, 189 Ohio App.3d 161, 937 N.E.2d 1047, 2010-Ohio-2146, at ¶21; *BAC Home Loans Servicing, LP v. Mowery*, 5th Dist. Holmes App. Nos. 2010-CA-05 & 2010-CA-07, 2010-Ohio-5570, at ¶8.

**{¶ 26}** Appellant argues that she was "prejudiced by her counsel's inability to review and object to a proposed entry" that appointed the receiver.   Both our state and federal Constitutional due process rights provide for notice and the opportunity to be heard. See *Fifth Third Mtge., Co. v. Rankin*, 4th Dist. No. 11CA8, 2012-Ohio-2806, at ¶14; *Columbia Gas Transm., L.L.C. v. Ogle*, 4th Dist. Hocking App. No. 10CA11, 2012-Ohio- 1483, at ¶12.   Even if the trial court's order was journalized without compliance with Athens L.R. 11, appellant was provided the opportunity

---

[3] www.co.athensoh.org/uploads/LocalRules.doc (accessed May 19, 2014).

to both (1) be heard, and (2) oppose the motion.

{¶ 27} The record on appeal reveals that the motion to appoint a receiver was filed July 3, 2013.   Appellant filed her memorandum in opposition on July 17, 2013.   The trial court's order that appointed a receiver was filed July 29, 2013 – almost a week and a half later.   In other words, before the court entered judgment   appellant was provided the opportunity to be heard and to contest appellee's motion for the appointment of a receiver.   Furthermore, we cannot find in this case that any arguable failure to obey the Athens County local rules of court amounted to a denial of due process.   Thus, we hereby overrule appellant's third assignment of error.

{¶ 28} Having considered all of appellant's errors both assigned and argued, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *Century Natl. Bank v. Hines*, 2014-Ohio-3901.]

<u>JUDGMENT ENTRY</u>

It is ordered that the judgment be affirmed and appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J., McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

BY:_____
Matthew W. McFarland, Judge

BY:_____
Marie Hoover, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.